### In re Allen and Doris FARRIS, Debtors.

### Bankruptcy No. 83 B 525.

United States Bankruptcy Court, N.D. Illinois, E.D.

Nov. 2, 1984.

## MEMORANDUM AND ORDER

ROBERT L. EISEN, Bankruptcy Judge.

This matter came to be heard upon the motion of a creditor herein, Michael Reese Hospital ("the Hospital") to have its claim allowed as timely filed in this Chapter 13 matter. For reasons set forth herein, this court hereby denies the Hospital's motion.

## FACTUAL BACKGROUND

This matter involves the legal effect of scheduling a creditor in a Chapter 13 pro-

ceeding. The debtors herein ("the Farrises"), filed their Chapter 13 petition and schedules on which the Hospital was scheduled as a creditor and listed along with other creditors on the matrix contained in the file. The court file also contains a "Certificate of Mailing" signed by a Deputy Clerk of the Court which evidences that the Hospital was mailed notice as required. On May 16, 1983 this court confirmed the debtors' Chapter 13 plan. On February 2, 1984, the Hospital filed its motion to allow its claim as timely filed. The Hospital alleges that it received no notice of the proceedings. The Hospital further argues that the Farrises were somehow under a duty to notify the creditor of the proceedings and, therefore, that the claim should be allowed as timely filed.

## ISSUE

Thus, the question presented to the court is whether scheduling the creditor along with other creditors on the bankruptcy schedules is sufficient to invoke the automatic stay and bind creditors to the time limits for filing claims set forth in the Bankruptcy Rules.

## DISCUSSION

The time for filing proofs of claim is governed by Bankruptcy Rule 3002(c) which provides:

(c) Time for Filing. In a Chapter 7 liquidation or Chapter 13 individual's debt adjustment case, a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors called pursuant to § 341(a) of the Code, except as follows:

(1) On motion of the United States, a state, or subdivision thereof before the expiration of such period and for cause shown, the court may extend the time for filing of a claim by the United States, a state, or subdivision thereof.

(2) In the interest of justice and if it will not unduly delay the administration of the case, the court may extend the time for filing a proof of claim by an infant or incompetent person or the representative of either.

(3) An unsecured claim which arises in favor of a person or becomes allowable as a result of a judgment may be filed within 30 days after the judgment becomes final if the judgment is for the recovery of money or property from that person or denies or avoids the person's interest in property. If the judgment imposes a liability which is not satisfied, or a duty which is not performed within such period or such further time as the court may permit, the claim shall not be allowed.

(4) A claim arising from the rejection of an executory contract of the debtor may be filed within the time as the court may direct.

(5) If notice of insufficient assets to pay a dividend was given to creditors pursuant to Rule 2002(e), and subsequently the trustee notifies the court that payment of a dividend appears possible, the clerk shall notify the creditors of that fact and that they may file proofs of claim within 90 days after the mailing of the notice.

(6) In a Chapter 7 liquidation case, if a surplus remains after all claims allowed have been paid in full, the court may grant an extension of time for the filing of claims against the surplus not filed within the time hereinabove prescribed.

Bankr. Rules Proc. 3002(c).

The question regarding which Bankruptcy Rules apply may arise. *See In re Lester Witte & Co.*, No. 80 B 4428 slip. op. (Bankr. N.D.Ill. Mar. 16, 1984). Former rule 13–302(e)(2) provided for filing within 6 months. That rule might be applied to "prevent injustice." However, that consideration is irrelevant here because the creditor did not file its claim within the required time under either rule. Moreover, the facts in the present case do not fit within any of the exceptions set forth in Rule 3002(c). Similarly, the creditor's argument that it received no notice of the proceedings is of no help in this situation.

The Hospital's allegation that it received no notice of the proceedings, without more,

is insufficient to overcome the presumptions that the Deputy Clerk mailed notice as sworn on the certificate of mailing contained in the court file and that the creditor received that notice. *In re Markey*, 33 B.R. 332, 334 (Bankr.N.D. Ohio 1983). In the present case, although the Hospital was scheduled along with other creditors and listed on the certificate of mailing, it has alleged that it received no notice. That allegation is insufficient, as was the "bald allegation" in *Markey*, to overcome the presumptions created by the scheduling of the creditor and the certificate of mailing contained in the court file.

In contrast is the situation in which the creditor was not scheduled. *See In re V–M Corp.*, 23 B.R. 952, 957 (W.D.Mich.1982). In that case, there is no presumption created that notice was mailed and received. Therefore, an extension of time for filing might have been appropriate.

However, in this case, Reese was scheduled and the court file contains a certificate which states that notice was mailed. The presumption that notice was received has not been rebutted.

THEREFORE, IT IS ORDERED that Reese's motion to allow its claim as timely filed be and hereby is denied.