**In re LONGARDNER & ASSOCIATES, INC., Debtor.**

**Appeal of LANDAHL, BROWN & WEED ASSOCIATES, INC.**

No. 87–1599.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 10, 1987.

Decided Aug. 24, 1988.

Edward D. Bunn, Bailey's Crossroads, Va., for appellant.

Leonard Opperman, Bose McKinney & Evans, Indianapolis, Ind., for appellee.

Before CUDAHY, COFFEY and RIPPLE, Circuit Judges.

CUDAHY, Circuit Judge.

Landahl, Brown & Weed Associates, Inc. (the "creditor") appeals a district court order affirming two orders of the bankruptcy court. The orders involve the confirmation of the plan of reorganization submitted by Longardner & Associates, Inc. (the "debtor"), and the denial of the creditor's motion to have the plan set aside.[1] The creditor seeks to have the case remanded to the bankruptcy court with instructions to vacate the confirmation order and to entertain its objections to the plan. We deny the creditor's request and affirm.

I.

In October 1982, the debtor filed a petition for reorganization under Chapter 11 of the Bankruptcy Code. 11 U.S.C. §§ 1101–1146. It subsequently filed a plan of reorganization and a disclosure statement and later filed an amended plan and an amended disclosure statement. The creditor responded by filing objections to the amended disclosure statement, and the debtor then amended both the plan and the disclosure statement a second time.

On November 1, 1984, the bankruptcy court tentatively approved the second amended disclosure statement and sched-uled a hearing on confirmation of the second amended plan for November 26. The creditor objected to the plan, claiming that it was inconsistent with previously filed financial records, that it omitted certain accounts receivable and other assets and that it proposed only $5,000 for settlement of the creditor's $266,000 claim. When the parties appeared before the bankruptcy court on November 26, the court informed them that the hearing would be rescheduled and that they would be notified by mail of the new hearing date.

On December 12, the court rescheduled the hearing for March 7, 1985, at 10:00 a.m., and mailed notice of the new hearing to the parties. The notice provided that the hearing "will take place ... for consideration of confirmation of the Plan of Reorganization; objections as may be made to confirmation; ... and such other matters as may properly come before the Court." Appendix to Appellant's Brief at 54. The creditor asserts that it did not receive this notice.

On December 13, the bankruptcy court entered its certification of mailing the notice to the parties. It entered an additional notice scheduling a hearing on the debtor's objection to the creditor's claim also for March 7, 1985, at 10:00 a.m. The creditor did receive this notice, which allegedly caused it to believe that the March 7 hearing dealt *solely* with the debtor's objection to the creditor's claim, rather than with both the debtor's objection *and* the court's confirmation of the proposed plan.

During the next several weeks, the creditor's counsel, Edward Bunn, and the debtor's counsel, Leonard Opperman, discussed the debtor's objection to the creditor's claim. In late February 1985, the parties agreed that the debtor would drop its objection to the claim in exchange for the creditor's assertion of an unsecured, rather than a secured, claim. The parties set forth this agreement in a stipulation filed with the court on February 27. This stipulation apparently caused the creditor mis-

---

**1.** The creditor entitled its motion, "Motion to Set Aside Order Confirming Amended Plan and Motion to Reconsider." In this opinion the mo-tion will be referred to simply as the "motion to set aside."

takenly to believe that the March 7 hearing was unnecessary since the debtor's objection had been dropped. Bunn sent Opperman a letter stating, "We trust you will advise the Court to remove the case from the calendar for March 7, 1985." Appendix to Appellant's Brief at 53. Opperman received the letter, but contends that he assumed that the creditor was referring to the hearing on the debtor's objection to the creditor's claim, which the parties had resolved, but not to the hearing on the confirmation of the plan, which was also scheduled for the same date and time.

The bankruptcy court held the confirmation hearing on March 7 and approved the debtor's plan of reorganization. Bunn failed to appear on behalf of the creditor. Neither the court nor the debtor sent the creditor notice of the entry of the reorganization plan. The bankruptcy court records confirm that copies of the order were distributed only to the parties present at the confirmation hearing.[2]

On March 12, the court sent notice of an order approving the stipulation the parties had filed on February 27. The creditor received this notice.

2. On July 31, 1987, while the creditor's appeal was pending before this court, the bankruptcy court mailed to the creditor notice of the March 7, 1985 order of confirmation.

3. Pertinent parts of Bunn's testimony at the August 30 hearing include:

MR. BUNN: In any event, I have, during the period of this case, progress of this case, I have had a number of telephone conversations with Mr. Opperman, I think on an amicable basis. I don't suggest that Mr. Opperman intended to mislead me intentionally in regard to the case being taken off the docket. I just know that what my understanding was and what I said—and he may very well have assumed that when I used the word case that I was talking about the particular motion at issue being taken off.
. . . .
... The plan that was affirmed talked in terms of $84,000 in basic assets. However, we know, and I would ask the Court to take judicial notice of this, that [the debtor]—and I have got it in my pleadings; it's well documented—received $265,000 in accounts receivable while this bankruptcy matter is pending.
. . . .

The creditor claims to have learned of the confirmation order on May 15, when it received a $5,000 check from the debtor as payment in full for its $266,000 claim. The creditor returned the check and, on May 21, filed with the bankruptcy court a motion to set aside the confirmation of the plan. The creditor alleged that it had never received notice either of the confirmation hearing or of the order of entry and that this lack of notice severely prejudiced the creditor. The creditor also complained that its objections to the plan had "not been satisfied." Appendix to Appellant's Brief at 68.

On August 30, 1985, the bankruptcy court held a hearing on the creditor's motion. Bunn, representing the creditor, testified that no prejudice to the debtor would result from setting aside the reorganization plan. He urged that the creditor was entitled to notice of the confirmation of the plan and that failure to receive this notice affected the creditor's right to appeal the confirmation to the district court. In response to the bankruptcy court's repeated instruction that the creditor must prove fraud to set aside the confirmation of the plan, Bunn said that he didn't believe there was any fraud.[3]

THE COURT: Yes, but you have to prove a further factor, fraud. You haven't gotten to that point yet.
MR. BUNN: I don't believe there was any fraud. I am not even suggesting there was fraud.
THE COURT: But that's the only section you can set it aside under the Bankruptcy Act, and so I might as well just tell you right now that that is the burden.
MR. BUNN: I don't believe I was defrauded in any way. I don't think that happened—
THE COURT: But that's the burden you have to carry.
MR. BUNN: I don't know what happened or why it happened, but I don't think it was fraud.
THE COURT: I realize what you are saying. I realize it, and I appreciate the fact that you don't think so. But that's the burden that you have to carry under the Bankruptcy Act. This is the only section that applies to a situation like this. I might as well tell you because that's really what I have been waiting to hear.
If you want to submit something further by way of a written brief or something, as far as this hearing is concluded today, but a written brief or something as to what you think the law is, fine.
Appendix to Appellant's Brief at 151–72.

In October, the creditor filed a memorandum in support of its motion to set aside the plan, in which it reiterated many of the points made at the hearing. The creditor stated that it did not "suggest that the March 7, 1985 order was procured by fraud, but by some mistake notice was not sent to [the creditor]." Appendix to Appellant's Brief at 79. The creditor, however, encouraged the court to review allegations in its prior pleadings (which it attached as exhibits to the memorandum) to determine whether the debtor had engaged in fraud in its disclosure statements.

The bankruptcy court denied the creditor's motion to set aside. The court found that the creditor could obtain relief from a confirmed plan only under section 1144 of the Bankruptcy Code, which allows a court to revoke a confirmation order procured by fraud. 11 U.S.C. § 1144. The court concluded that the creditor had not alleged fraud and, further, the court itself had not found that the debtor fraudulently procured the order confirming the reorganization plan. The bankruptcy court also found that notice of the confirmation hearing had been delivered to the creditor's counsel and thus it concluded that the creditor had established no legal grounds for setting aside the confirmation order.

The district court adopted the bankruptcy court's findings and conclusions and affirmed the denial of the creditor's motion. The district court also rejected the creditor's argument on appeal that the clerk's failure to send notice of entry of the order confirming the plan entitled the creditor to an extension of time to appeal the March 7 order.

■ As we review these decisions of the bankruptcy and district courts, we must accept findings of fact unless they are clearly erroneous. We, of course, however, review conclusions of law de novo. *In re Agnew,* 818 F.2d 1284, 1286 (7th Cir.1987); *In re Kimzey,* 761 F.2d 421, 423 (7th Cir. 1985); Bankr.R. 8013.

## II.

■ We consider first whether the bankruptcy court's order confirming the reorganization plan should be set aside because the creditor did not receive notice of the confirmation hearing. On this issue, the bankruptcy court made the following findings of fact: (1) on December 12, 1984, it issued a notice rescheduling the confirmation hearing for March 7, 1985; (2) copies of this notice were mailed to all parties, including Bunn, as the creditor's counsel; and (3) the notice mailed to Bunn was addressed correctly and was not returned to the clerk's office. Based on these findings, which are not clearly erroneous, the bankruptcy court correctly concluded that notice of the hearing was "reasonably calculated to reach interested parties," *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 318, 70 S.Ct. 652, 659, 94 L.Ed. 865 (1950), and thus satisfied the requirements of due process. We conclude that the court's notice also met the requirements of the Bankruptcy Code. *See* Bankr.R. 2002(b) ("the clerk ... shall give ... all creditors ... 25 days notice by mail of ... the hearing to consider confirmation of a plan"); *id.* 9006(e) ("notice by mail is complete on mailing").

Actual receipt of notice of the hearing by the creditor is not required. *See In Re Park Nursing Center, Inc.,* 766 F.2d 261, 263 (6th Cir.1985). Nevertheless, in this case, in which notice was properly addressed, stamped and mailed, there is a presumption that Bunn received it on behalf of the creditor. *See Hagner v. United States,* 285 U.S. 427, 430, 52 S.Ct. 417, 418, 76 L.Ed. 861 (1932); *In re Nimz Transp., Inc.,* 505 F.2d 177, 179 (7th Cir.1974); *In re Moseley,* 74 B.R. 791, 802 (Bankr.C.D.Cal. 1987). Bunn's denial of receipt alone does not rebut the presumption, but merely creates a question of fact. *See In re Farris,* 43 B.R. 726, 727–28 (Bankr.N.D.Ill.1984); *In re American Properties, Inc.,* 30 B.R. 239, 244 (Bankr.D.Kan.1983). *But see In re Yoder Co.,* 758 F.2d 1114, 1118 (6th Cir.1985). The bankruptcy court resolved this question against the creditor.

■ The creditor nevertheless argues that the debtor presented no evidence to meet its burden of showing that notice was

in fact mailed. We agree with the district court, however, that the bankruptcy court properly relied on its own records, which showed that notice was properly addressed, sent to the creditor's counsel and not returned to the clerk's office. *Cf. American Properties*, 30 B.R. at 244 ("Proof of custom of mailing is sufficient.... The mailing employee need not testify."). We also do not accept the creditor's argument that the absence of a zip code on the address used by the clerk precludes a finding that the notice was properly addressed. Although the presumption of delivery may be weakened by the absence of a zip code, *cf. id.* ("Where an address is slightly incorrect, ... the presumption is weakened, but still raised."), it is strengthened in this case by the fact that the notice was never returned to the clerk's office, *see In re Torres*, 15 B.R. 794, 797 (Bankr.E.D.N.Y. 1981).

Thus, we conclude, as did the courts below, that the creditor has failed to rebut the presumption that notice of the confirmation hearing was delivered to Bunn.[4]

### III.

We examine next whether the bankruptcy court properly refused to revoke the confirmation order pursuant to section 1144 of the Bankruptcy Code. It is not clear whether the creditor sought relief in the bankruptcy court pursuant to section 1144. Under the Code, however, section 1144 is the only avenue for revoking confirmation of a plan of reorganization. *See In re Newport Harbor Assocs.*, 589 F.2d 20, 22 (1st Cir.1978) (the predecessors to section 1144 "consistently have been viewed

as providing the exclusive means by which a confirmation may be revoked and the courts, with equal consistency, have demanded strict compliance with their requirements"); *In re Emergency Beacon Corp.*, 48 B.R. 356, 359 (S.D.N.Y.1985); *In re Braten Apparel Corp.*, 21 B.R. 239, 255 (Bankr.S.D.N.Y.1982), *aff'd*, 26 B.R. 1009 (S.D.N.Y.), *aff'd*, 742 F.2d 1435 (2d Cir. 1983). Section 1144, in effect at the time of the bankruptcy court's decision, provides in part:

> On request of a party in interest at any time before 180 days after the date of the entry of the order of confirmation, and after notice and a hearing, the court may revoke such order if such order was procured by fraud.

11 U.S.C. § 1144 (amended 1984).[5]

Thus, section 1144 expressly allowed the bankruptcy court to revoke its March 7 order confirming the reorganization plan, if the creditor had met the prerequisite of showing that the court was defrauded. The bankruptcy court found that the creditor had not alleged fraud and the court itself found no evidence that the debtor fraudulently procured the order confirming the plan. The district court, apparently considering only the motion to set aside and the August 30 hearing, agreed that the creditor had failed to allege fraud and thus affirmed the bankruptcy court's decision not to revoke the confirmation order under section 1144.

The creditor contends that the courts before us relied erroneously on the creditor's numerous assertions that it didn't believe there was any fraud. *See supra* note 3. The creditor explains that it misunderstood

---

4. The creditor argues that the debtor should bear the responsibility for the creditor's absence from the confirmation hearing. Opperman, the debtor's counsel, allegedly misled Bunn, the creditor's counsel, about the nature of the March 7 hearing when Opperman did not respond to Bunn's letter requesting that the "case" be removed from the court calendar. We agree with the district court that the creditor has failed to produce evidence of the debtor's intent to deceive the creditor. In fact, at the August 30 hearing Bunn clearly disavowed any allegation that Opperman misled him, *see supra* note 3, at 5, and, in the memorandum in support of its motion to set aside, the creditor stated that "by

some mistake" it failed to receive notice of the hearing. Appendix to Appellant's Brief at 79.

5. Section 1144 was amended by P.L. 98–353. The first sentence currently reads:

> On request of a party in interest at any time before 180 days after the date of the entry of the order of confirmation, and after notice and a hearing, the court may revoke such order *if and only* if such order was procured by fraud.

11 U.S.C. § 1144 (as amended) (emphasis added).

the district court's repeated requests to prove fraud:

> In an effort to make it clear that no allegations of fraud were being made upon the conduct of the Court or the Clerk of the court, [the creditor] made the statement that there had been no fraud, referring to the failure [of the Clerk] to send [the creditor] notice.

Appellant's Appendix at 35. Thus the creditor claims that its concessions that there had been no fraud merely applied to its loss of procedural opportunities but not to the earlier disclosure statements and submissions made by the debtor to the bankruptcy court. The record does not show that Bunn made this distinction crystal clear to the bankruptcy court.

But, in any event, as to "fraud" in the debtor's earlier submissions to the court, it may be that the bankruptcy and district courts reviewed the creditor's allegations in their entirety to determine whether the debtor had perpetrated a fraud in supplying information to the court. However, we shall, at least for the sake of argument, accept the creditor's position that it "had always considered [the debtor] to be engaging in a fraud upon the court." *Id.* at 34. Thus we examine anew (with respect to the debtor's submissions to the bankruptcy court) the motion to set aside, the transcript of the August 30 hearing and the creditor's memorandum in support of the motion. We conclude that the creditor failed to demonstrate fraud sufficiently to require the bankruptcy court to revoke its March 7 confirmation order.

Although section 1144 requires a showing of fraud, it does not define "fraud." *Braten Apparel,* 21 B.R. at 256 ("Congress provided no dictionary for the word 'fraud' and left it to the development of judicial gloss to guide delineation of types of conduct generally understood to constitute fraud."). It is fair to say, however, that the courts require a showing of actual fraudulent intent. *See id.;* 5 *Collier on Bankruptcy* ¶ 1144.01, at 1144–42 (15th ed. 1987); 9 *Collier on Bankruptcy* ¶ 11.02[3] (14th ed. 1978).

The creditor's motion to set aside and its memorandum in support of that motion fail to cite clear, specific and demonstrable instances involving actual fraudulent intent. In the memorandum, the creditor states broadly that the debtor filed false or fraudulent financial statements and invites the bankruptcy court to examine its objections to the amended disclosure statement and its objections to the reorganization plan to determine for itself "whether the debtor has engaged in fraud." Appendix to Appellant's Brief at 80. In those objections, the creditor complains that the debtor incorrectly stated facts, and it seeks explanations for changes or inconsistencies in numbers. The creditor alleges that "gross and serious inconsistencies" between the disclosure statement and the debtor's financial records raise "insurmountable questions concerning the accuracy of the disclosure statements and the plans submitted to the court." *Id.* at 88. Similarly at the August 30 hearing, Bunn testified that the debtor's assets did not accurately reflect $265,000 received by it in accounts receivable. *See supra* note 3.

Thus, the creditor alleges that the debtor's disclosure statements are grossly inaccurate and inconsistent and that they require explanation. The creditor does not, however, offer any evidence of the debtor's intent to defraud the court.[6] Without a specific showing of the requisite fraudulent intent, the bankruptcy court had no authority under section 1144 to revoke its confir-

---

6. In *In re Moseley,* 74 B.R. 791, 803 (Bankr.C.D. Calif.1987), a case involving a Chapter 13 reorganization plan, the bankruptcy court explained the burden a creditor must carry to have the plan revoked under 11 U.S.C. § 1330 (which is idential to section 1144):

> To support a complaint for revocation, the plaintiff must prove each of the elements of a traditional cause of action for deceit: (1) that the debtor made a representation regarding her compliance with Code § 1325 which was materially false; (2) that the representation was either known by the debtor to be false, or was made without belief in its truth, or was made with reckless disregard for the truth; (3) that the representation was made to induce the court to rely upon it; (4) the court did rely upon it; and (5) that as a consequence of such reliance, the court entered the confirmation order.

mation order. *See In re D.F.D. Inc.*, 43 B.R. 393, 395 (Bankr.E.D.Pa.1984) (where creditor proffered no testimony or other evidence at the hearing to support its allegations, it "failed to carry its burden of proving that the debtor procured the order of confirmation through fraud"); *Torres*, 15 B.R. at 798; *see also In re Graco, Inc.*, 267 F.Supp. 952, 954 (D.Conn.1967) ("Fraud is not to be inferred."); 14 *Collier on Bankruptcy* ¶ 11–41.03, at 11–41–5 (14th ed. 1978) ("the circumstances constituting the alleged fraud are to be stated with particularity").[7]

■ We conclude that where, as in the present case, the creditor fails to show specific acts involving fraudulent intent, it is not entitled to have a confirmed plan of reorganization revoked under section 1144.[8]

■ The creditor nonetheless appears to argue that the bankruptcy court should have exercised its equitable powers to provide relief to the creditor in this case. We agree that the bankruptcy court as a court of equity could have fashioned relief for the creditor. *See In re Lintz West Side Lumber, Inc.*, 655 F.2d 786, 789 (7th Cir. 1981) ("It is now well settled that a bankruptcy judge has the power to reexamine and revise an order which he entered during the pendency of bankruptcy proceedings.").[9] We do not believe, however, the bankruptcy court abused its discretion in not providing equitable relief to this creditor. As we have noted, "Although a reorganization court is indeed a court of equity, ... it is yet constrained by the dictates of the Bankruptcy Act." *In re Chicago, M., St. P. & Pac. R.R.*, 830 F.2d 758, 766 (7th Cir.1987); *see also Norwest Bank Worthington v. Ahlers*, — U.S. —, 108 S.Ct. 963, 968–69, 99 L.Ed.2d 169 (1988) ("whatever equitable powers remain on the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code"). Thus, where the bankruptcy court chose to confine itself to section 1144 to provide relief to the creditor, and where it made this choice very clear by repeatedly instructing the creditor to demonstrate fraud, we will not reverse the court for not providing equitable relief.

## IV.

■ One of the most troubling aspects to this case is that the creditor appears to have lost its right to appeal directly the court's order confirming the reorganization plan. Under Bankruptcy Rule 8002, a party wishing to appeal a confirmation order must file a notice of appeal within ten days of the date of the order. If requested within the original ten-day period, a twenty-day extension may be granted.[10] Thus,

---

7. Even the creditor seems to acknowledge the insufficiency of its allegations of fraud. On appeal, the creditor characterizes its allegations of purported fraud as "not very strong" and "weak." Appellant's Brief at 37.

8. The creditor apparently argues, in the alternative, that the reorganization plan should be modified. Only the proponent, however, of a Chapter 11 reorganization plan can seek to have it modified. 11 U.S.C. § 1127(b); *see also In re A.J. Mackay Co.*, 50 B.R. 756, 761 (D.Utah 1985).

9. Congress codified the traditional equity powers of the bankruptcy court in section 105 of the Code:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of power.

11 U.S.C. § 105(a); *see In re Chinichian*, 784 F.2d 1440, 1442–43 (9th Cir.1986) (confirmation of a plan may be revoked pursuant to section 105). *But cf. In re Chung King, Inc.*, 753 F.2d 547, 549–50 (7th Cir.1985) (because the policy of finality in confirmed judicial sales should be protected unless "compelling equities" outweigh it, a "bankruptcy court may vacate a prior order confirming a sale ... only in very limited circumstances in the exercise of its powers as a court of equity").

10. The extension of time for appeal is governed by Bankr.R. 8002(c), which provides:

> The bankruptcy court may extend the time for filing the notice of appeal by any party for a period not to exceed 20 days from the expiration of the time otherwise prescribed by this rule. A request to extend the time for filing a notice of appeal must be made before the time for filing a notice of appeal has expired, except that a request made not more than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect if the judgment

if granted an extension, a party has a maximum time period of thirty days to appeal an order confirming a plan. In the present case, however, the creditor did not learn of the March 7 confirmation order until May 15, more than two months later.

The creditor argues that because the clerk's failure to mail notice of the entry, as required by the Bankruptcy Rules, prevented it from appealing the confirmation order directly within the specified period, an extension of time, beyond that allowed by Rule 8002(c), should be granted. The district court rejected the creditor's argument, stating that any extension not allowed by Rule 8002(c) was strictly proscribed.

Although Bankruptcy Rule 9022(a) requires the clerk to mail notice of any judgment or order of the court, it further provides that lack of notice of the entry of such orders does not provide a basis for extending the time to appeal.[11] The district court considered this rule controlling, and we agree.

The Advisory Committee Note describes Rule 9022(a) as an "adaptation" of Fed.R. Civ.P. 77(d), which also requires the clerk to mail to the parties notice of an order or a judgment and which also provides that the clerk's failure to notify does not authorize courts to extend the time to appeal.[12] And the Advisory Committee Note to Rule 77(d) explicitly cautions parties against relying on the clerk to provide them with notice of judgments.[13] Thus, many courts have held that the district courts lack authority to relieve parties who fail to take timely appeals because they never received notice of the entry of judgments. *See, e.g., Polylok Corp. v. Manning*, 793 F.2d 1318, 1320 (D.C.Cir.1986) (Rule 77(d) is "unconditional"); *Wilson v. Atwood Group*, 725 F.2d 255, 257 (5th Cir.) (en banc) (Rule 77(d) is "strict, but its meaning is plain. We have consistently held that the simple failure of the clerk to mail notice of the entry

---

or order appealed from does not authorize the sale of any property or the obtaining of credit or the incurring of debt under § 364 of the Code, or is not a judgment or order approving a disclosure statement, confirming a plan, dismissing a case, or converting the case to a case under another chapter of the Code.

**11.** Entry of an order and provision of notice is governed by Bankr.R. 9022(a), which states:

Immediately on the entry of a judgment or order the clerk shall serve a notice of the entry by mail in the manner provided by Rule 7005 on the contesting parties and on other entities as the court directs. Service of the notice shall be noted in the docket. Lack of notice of the entry does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed except as permitted in Rule 8002.

**12.** *Compare* Fed.R.Civ.P. 77(d):

Immediately upon the entry of an order or judgment the clerk shall serve a notice of the entry by mail in the manner provided for in Rule 5 upon each party who is not in default for failure to appear, and shall make a note in the docket of the mailing. Such mailing is sufficient notice for all purposes for which notice of the entry of an order is required by these rules; but any party may in addition serve a notice of such entry in the manner provided in Rule 5 for the service of papers. Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for fail-

ure to appeal within the time allowed, except as permitted in Rule 4(a) of the Federal Rules of Appellate Procedure.

*with* Bankr.R. 9022(a) (*supra* note 11).

**13.** The Advisory Committee explained:

Rule 77(d) as amended makes it clear that notification by the clerk of the entry of a judgment has nothing to do with the starting of the time for appeal; that time starts to run from the date of entry of judgment and not from the date of notice of the entry. Notification by the clerk is merely for the convenience of litigants. And lack of such notification in itself has no effect upon the time for appeal; but in considering an application for extension of time for appeal as provided in [Fed.R.App.P. 4(a), of which Bankr.R. 8002 is an adaptation], the court may take into account, as one of the factors affecting its decision, whether the clerk failed to give notice as provided in Rule 77(d), or the party failed to receive the clerk's notice. It need not, however, extend the time for appeal merely because the clerk's notice was not sent or received. It would, therefore, be entirely unsafe for a party to rely on absence of notice from the clerk of the entry of a judgment, or to rely on the adverse party's failure to serve notice of the entry of a judgment. Any party may, of course, serve timely notice of the entry of a judgment upon the adverse party and thus preclude a successful application, under [Fed.R.App.P. 4(a)], for the extension of the time for appeal.

of the judgment, without more, does not permit relief to a party who has failed to appeal within the prescribed time."), *cert. dismissed*, 468 U.S. 1222, 105 S.Ct. 17, 82 L.Ed.2d 912 (1984); *Mennen Co. v. Gillette Co.*, 719 F.2d 568, 570 (2d Cir.1983) ("mere failure of the clerk to give the parties notification ... does not ... warrant an extension of time to appeal"); *see also* C. Wright & A. Miller, 12 *Federal Practice and Procedure* § 3084, at 182 (1973). *But see Expeditions Unltd. Aquatic Enters., Inc. v. Smithsonian Inst.*, 500 F.2d 808, 810 (D.C.Cir.1974) (court has discretion to vacate and reenter judgment to allow timely appeal when parties had no notice of entry of judgment, winning party not prejudiced by appeal and losing party acted within reasonable time after learning of entry).

In *Spika v. Village of Lombard*, 763 F.2d 282, 286 (7th Cir.1985), *cert. denied*, 474 U.S. 1056, 106 S.Ct. 793, 88 L.Ed.2d 771 (1986), we expressly agreed with the general principle that Fed.R.Civ.P. 60(b)[14] cannot be invoked to provide relief from Rule 77(d) when "the *sole* reason asserted for that relief is the failure of a litigant to receive notice of entry of a judgment." Bankruptcy Rule 9022(a) must be followed as strictly as Rule 77(d). Thus, in this case, we hold that the creditor's failure to receive notice of the entry of the order confirming the reorganization plan is not alone sufficient grounds for extending the time to appeal that order beyond the constraints of Rule 8002(c). The Advisory Committee Note to Rule 8002(c) explains the importance of limiting the time to appeal certain bankruptcy court orders:

> To expedite the disposition of appeals the maximum extension of time is 20 days.... Orders of the bankruptcy court relating to the sale of property, extension of credit, confirmation of a plan, dismissal or conversion of the case, and approval of the disclosure statement are of such significance to the administration of the case, the parties in interest, and third parties that this subdivi-

sion requires that either an appeal or a motion for extension be filed within the original 10 day period.

*See also* 9 *Collier on Bankruptcy* ¶ 8002.03[2], at 8002–6 (15th ed. 1987) ("Cases interpreting Rule 8002 ... have uniformly held that the *sine qua non* of a bankruptcy appeal is a timely filed notice of appeal.").

■ The creditor nevertheless directs us to Bankruptcy Rule 3020(c), which states that "the order of confirmation ... and notice of entry thereof shall be mailed promptly by the clerk to the debtor, creditors, ... and other parties in interest." The creditor contends that this rule, because it specifically provides for notice of orders confirming reorganization plans, should govern this case rather than Rule 9022(a), which is a general provision requiring notice of all bankruptcy orders and adjustments. The creditor then explains that Rule 3020(c), unlike Rule 9022(a), is silent with respect to whether the time to appeal is affected by the clerk's failure to provide notice. Thus, the creditor concludes, it may be granted an extension of time to appeal directly the confirmation order.

We disagree. In our view, Rule 9022(a), while of general application, does govern confirmation orders. If Rule 9022(a) were in actual conflict with Rule 3020(c), we could be persuaded to follow Rule 3020(c) rather than Rule 9022(a) because, arguably, the more specific bankruptcy rule would govern. *Cf. In re Johnson*, 787 F.2d 1179, 1181 (7th Cir.1986) ("a specific statute takes precedence over a more general statute"). But Rule 9022(a)'s requirement —that lack of notice does not affect the time to appeal—does not contradict in any way Rule 3020(c), which is silent on the right to appeal. Moreover, Rule 9022(a) provides that a court may extend the time to appeal only as permitted by Rule 8002. Rule 8002(c) by its terms includes confirmation orders. *See supra* note 10. Thus, we conclude that Rule 3020(c) does not provide

---

**14.** Rule 60(b) authorizes a court to relieve a party from a final judgment or order for a variety of reasons, including mistake, excusable neglect, newly discovered evidence, fraud, or "any other reason justifying relief from the operation of the judgment."

a court with discretion to extend the time to appeal from a confirmation order.

■ Finally, we do not accept the creditor's contention that Rule 9022(a) violates principles of due process. The fifth amendment requires that a party must be provided with notice of the pendency of an action and an opportunity to be heard before being deprived of a protected property interest. *Mullane,* 339 U.S. at 313–14, 70 S.Ct. at 656–57. Thus, in *New York v. New York, N.H. & H. R.R.,* 344 U.S. 293, 297, 73 S.Ct. 299, 301, 97 L.Ed. 333 (1953), a case involving a railroad reorganization, the Supreme Court held that creditors "have a right to assume that the statutory 'reasonable notice' [of the period in which claims may be filed] will be given them before their claims are forever barred." *See Reliable Elec. Co., Inc. v. Olson Constr. Co.,* 726 F.2d 620, 623 (10th Cir.1984) ("the discharge of a claim without reasonable notice of the confirmation hearing is violative of the fifth amendment").

In the present case, we have accepted the bankruptcy court's finding that the creditor received actual notice of the confirmation hearing. *See supra* 459–60. This notice of the pendency of a hearing to consider confirmation of the plan is sufficient to satisfy due process requirements because the creditor had the opportunity to be heard at that March 7 hearing. Although the creditor claims to have not received notice of the hearing, it failed to convince the bankruptcy court. The apparent harshness of the result here is ameliorated somewhat by the creditor's opportunity to challenge the confirmed plan pursuant to section 1144.

The order of the district court is

AFFIRMED.