**In re Edna Mae CHESS, Debtor.**

**No. 96–25422–K.**

United States Bankruptcy Court,
W.D. Tennessee,
Western Division.

Sept. 27, 2001.

Sula McAuley, Joel Giddens, Wilson & Associates, P.L.L.C., Memphis, Tennessee, for Fairbanks Capital Corporations.

Irving Zeitlin, Memphis, Tennessee, for debtor.

George W. Emerson, Memphis, Tennessee, Chapter 13 Trustee.

**MEMORANDUM AND ORDER RE FAIRBANKS CAPITAL CORPORATION'S "MOTION TO SET ASIDE ORDER AND REHEAR TRUSTEE'S MOTION FOR MORTGAGE COMPANY TO SHOW CAUSE THAT THE DEBTOR'S MORTGAGE IS CURRENT" COMBINED WITH NOTICE OF THE ENTRY THEREOF**

DAVID S. KENNEDY, Chief Judge.

The instant matter is before the court on Fairbank's Capital Corporation's "Motion to Set Aside Order and Rehear [Chapter 13] Trustee's Motion for Mortgage Company to Show Cause that the Debtor's Mortgage is Current." By virtue of 28 U.S.C. § 157(b)(2)(A), (B), and (O), this is a core proceeding. Based on the case record as a whole, the following shall constitute the court's findings of fact and conclusions of law in accordance with FED.R.BANKR.P. 7052.

The relevant background facts may be summarized as follows: On May 2, 1996, the above-named debtor, Edna Mae Chess ("Debtor"), filed a chapter 13 case and repayment plan. Debtor's Schedules A and D reflect an ownership interest in her home located at 723 Foxwood, West Memphis, Arkansas, subject to first and second mortgages held respectively by Mellon Mortgage Co. and Commercial Credit.

On June 13, 1996, the debtor's chapter 13 plan was confirmed. The confirmed plan reflects, in relevant part here, that during the pendency of this case the Chapter 13 Trustee served as the disbursing agent regarding payments on the home mortgage claim of Mellon Mortgage Co., who was to receive its then ongoing monthly payment of $307 plus an arrearage claim of approximately $1,178.12 payable with a 10% value rate of interest at $25.00 per month.

On May 29, 1996, Mellon Mortgage Company filed a formal proof of claim for $1,178.12 regarding the prepetition arrearage claim. On October 21, 1999, the Bankruptcy Department of Mellon Mortgage Company sent the Chapter 13 Trustee a letter advising that the servicing of the debtor's home mortgage had been transferred and that all future payments should be sent to Fairbanks Capital Corporation in Salt Lake City, Utah.

On July 7, 2000, the Bankruptcy Department of Fairbanks Capitol Corporation

sent the Chapter 13 Trustee a letter advising that the servicing of the debtor's account had been transferred to its Hatboro, Pennsylvania office; requesting that all future chapter 13 plan payments be sent there; requesting that the Chapter 13 Trustee, as the disbursing agent, send a status and disbursement report to its Pennsylvania office; and if the Chapter 13 Trustee had any questions, to please contact Ed Hirsch or Anita Lincavage at its Pennsylvania office.

As the debtor's chapter 13 plan was nearing a successful completion, on January 26, 2001, the Chapter 13 Trustee filed his customary motion in such cases involving home mortgage holders requesting that Fairbanks Capital Corporation, as the debtor's home mortgagee, appear and show cause, if any, why its records should not reflect that the debtor's mortgage was current. An "Order and Notice for Hearing ..." issued from the United States bankruptcy court fixing February 22, 2001 as the hearing date to consider the Chapter 13 Trustee's motion. Notice of the hearing was sent by the Office of the Chapter 13 Trustee to Fairbanks Capital Corporation at its Pennsylvania office. After notice and opportunity for hearing and without opposition, an order was entered on February 23, 2001 as follows:

> It appearing to the Court from the statements of the Chapter 13 Trustee and the entire record herein that the above-referenced case is being prepared for discharge and the Trustee has been serving as the disbursing agent for the debtor's on-going mortgage payment and the arrearage claim is to be paid in full and it further appearing to the Court that the debtor's account with the mortgage company has now been brought current.

> IT IS THEREFORE ORDERED that the mortgage company show that the debtor's mortgage is current.

Copies of this order were sent to the Chapter 13 Trustee, the debtor, the debtor's attorney, and *Fairbanks Capital Corporation* at its Pennsylvania office. Fairbanks Capital Corporation did not file a motion pursuant to FED.R.BANKR.P. 9023 seeking a new trial or to alter or amend this order or file a notice of appeal pursuant to Part VIII of the Federal Rules of Bankruptcy Procedure.

On March 8, 2001, the debtor's chapter 13 discharge was granted, as the debtor had successfully completed her confirmed chapter 13 plan. Of course, by virtue of 11 U.S.C. §§ 1328(a)(1) and 1322(b)(5), the remaining balance owed on the debtor's long term home mortgage debt in favor of Fairbanks Capital Corporation was not discharged. Also, on March 8, 2001, the Chapter 13 Trustee filed a final account and report reflecting, in relevant part here, that Fairbanks Capital Corporation received under the debtor's chapter 13 plan the sums of $17,499 regarding on-going monthly home mortgage payments and $1,461.57 regarding the prepetition arrearage claim ($1,178.12 principal and $283.45 interest). The debtor's chapter 13 case was thereafter closed. Parenthetically, the court notes that the debtor's prepetition unsecured creditors received 100% of their claims in the aggregate amount of $3,489.21.

On May 8, 2001, the debtor filed a motion to reopen her closed chapter 13 case stating as follows:

> FACTS: Debtor received a discharge on March 8, 2001. On February 23, 2001 the Court entered an Order declaring that Debtor's mortgage owed to Fairbanks Capital Corp. is current. Debtor paid the March 2001 payment timely. It was accepted. Debtor paid the

April 2001 payment timely. Fairbanks Capital Corp. refused to accept the April 2001 payment and send the money order back to Debtor, refusing to accept ongoing mortgage payments. Counsel for Debtor has spoken to Fairbanks Capital Corp. on the phone and faxed documents to them. On May 4th, 2001 Fairbanks Capital Corp. sent Debtor's counsel a fax "They are in foreclosure with a sale set for 6/13/01"? Fairbanks account no. [is] 0001487818.

WHEREFORE DEBTOR PRAYS:

1. That the Court reopen the case to file a Complaint For Injunction, to enforce 11 U.S.C. § 524 and the March 8, 2001 Order of the Court.

On May 8, 2001, the court reopened this closed case for cause. See 11 U.S.C. § 350(b); FED.R.BANKR.P. 5010. On May 21, 2001, the debtor filed a "Complaint for Injunction and Damages," Adv.Proc. No. 01–0373 herein, which complaint is pending at this time consensually awaiting the outcome of the instant motion. On July 2, 2001, Fairbanks Capital Corporation filed this motion pursuant to FED.R.BANKR.P. 9024, seeking to set aside this court's February 23, 2001 Order, which order found that the debtor's mortgage was current at times relevant here.

Fairbanks Capital Corporation primarily asserts in this proceeding that it "never received notice of the Trustee's Motion for Mortgage Company to Show Cause that Debtor's Mortgage is Current." Actually, Fairbanks Capital Corporation seeks to collaterally attack the court's February 23, 2001 Order, essentially arguing that service of process was not properly served on an officer, a managing or general agent in

its Utah office.[1] Additionally, it states that originally the debtor's portion of the HUD subsidized housing payment was $307 per month; that upon recertification, the debtor was responsible for a greater portion of the monthly payment than the $307 listed in the chapter 13 plan; that in August 2000, the debtor became responsible for payment of her entire monthly home mortgage note in the amount of $571; and that it did not know that the debtor was in an "active bankruptcy case" and did not request that the Chapter 13 Trustee adjust the debtor's plan to reflect the increased amount.

The hearing on Fairbanks Capital Corporation's motion to set aside the February 23, 2001 Order was held before the court on August 30, 2001. At the hearing, the only witness to testify was Ms. Pam Emerson, a paralegal with the Chapter 13 Trustee's Office, and a highly credible witness. Ms. Emerson testified as to the custom, practice, and procedures for the preparation and service of such motions by the Chapter 13 Trustee for home mortgagees to show cause in appropriate cases why their records should not be shown as current when the Chapter 13 Trustee's files reflect that the chapter 13 cases are successfully "winding down" and that the home mortgage is current. Ms. Emerson further testified that these motions filed by the Chapter 13 Trustee are computer-generated and that the computer automatically prints out envelopes from the claims register with the creditor's last address as specified to the Chapter 13 Trustee. Ms. Emerson also testified that the Chapter 13 Trustee's Office only changes addresses when it receives specific notices or requests from creditors to do so.[2] She addi-

---

**1.** Although Fairbanks Capital Corporation asserted non-receipt of the Motion and Order in its pleadings filed prior to hearing on this issue, at the actual hearing, it also argued that

service of process was improper under FED. R.BANKR P. 7004(b)(3).

**2.** Ms. Emerson informationally testified that if a creditor advises the Chapter 13 Trustee's

tionally testified that in this case Fairbanks Capital Corporation was added to the claims register after receipt of the October 21, 1999 letter from Mellon Mortgage Co. regarding the assignment of the claim. She went on to testify that once the Chapter 13 Trustee's Office received the July 7, 2000 letter from Fairbanks Capital Corporation, the address was updated again and that from August 2000 to May 2001, all payments and notices, including the motion and order concerning the current mortgage, were mailed to Fairbanks Capital Corporation at the requested and designated Pennsylvania address. Ms. Emerson additionally testified that this procedure mirrors the day-to-day procedures implemented by the Chapter 13 Trustee's Office for all home mortgage creditors in all such chapter 13 cases in this Judicial District.

FED.R.BANKR.P. 9024 incorporates FED. R.CIV.P. 60 and allows parties, in appropriate actions, to obtain relief from orders entered by the court. Rule 60(b) provides six categories under which relief may be granted:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the application of the judgment.

FED.R.CIV.P. 60(b). Fairbanks Capital Corporation has argued that this court's order of February 23, 2001, should be vacated because it was not served with notice of the Chapter 13 Trustee's motion requesting that Fairbanks Capital Corporation, as the debtor's home mortgagee, appear and show cause why its records should not reflect that the debtor's home mortgage was current and the subsequent notice of hearing on this motion.

■■ In the Sixth Circuit, courts must apply Rule 60(b) "equitably and liberally . . . to achieve substantial justice." *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844–45 (6th Cir.1983). The court also must use its discretion in vacating a judgment based upon the public policy favoring the finality of judgments. *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir.1992). Because none of the other enumerated reasons set forth in Rule 60 apply here, the court may set aside the February 23 Order only under Rule 60(b)(1) or Rule 60(b)(4). Since relief under Rule 60(b)(4) essentially would render an analysis under Rule 60(b)(1) moot, the court will first address Rule 60(b)(4).

■■ Under Rule 60(b)(4), if a judgment is void, it must be vacated. Lack of notice and sufficient service of process leading ultimately to lack of due process properly renders a judgment void. The constitutional standard regarding notice requires that it "be such as is reasonably calculated to reach interested parties." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 318, 70 S.Ct. 652, 94 L.Ed. 865 (1950). Costs and efficiency considerations must be balanced against the likelihood that parties receive actual notice. *In re Park Nursing Center, Inc.*, 766 F.2d

Office that it desires separate addresses for payments and notice, the latter address is put into the claims register with a "notice only" designation.

261, 263 (6th Cir.1985). In bankruptcy cases and proceedings, the balancing test involves providing actual notice to parties in large volumes without being overly expensive or time-burdensome. *Id.* "*Mullane* does not require the very best means of serving process, only a means that is reasonably calculated to reach the party." *Id.* at 264.

■ Under FED.R.BANKR.P. 7004(b), service of process may be obtained by first class mail. Service of process is complete upon mailing. FED.R.BANKR.P. 9006(e). There is a presumption that an addressee receives a properly mailed item when the sender presents proof that the item was properly addressed, stamped, and sent through the United States mail. *See Hagner v. United States,* 285 U.S. 427, 430, 52 S.Ct. 417, 76 L.Ed. 861 (1932); *Bratton v. Yoder Co., (In re Yoder),* 758 F.2d 1114, 1118 (6th Cir.1985). At the trial on this matter, the representative from the Chapter 13 Trustee's Office testified that the January 26, 2001 motion and the January 25, 2001 Order and Notice for Hearing setting February 22, 2001 as the hearing date on the motion were mailed to Fairbanks Capital Corporation on January 26, 2001. The Chapter 13 Trustee also filed a certificate of service with the court on January 26, 2001, certifying that the documents were sent and served on Fairbanks Capital Corporation.

■ In many circuits, this presumption can only be rebutted by introduction of precise proof that the mailing was not received, such as through the establishment of standardized procedures for receiving and routing mail. *See Rice v. Office of Servicemembers' Group Life Ins.,* 260 F.3d 1240 (10th Cir.2001); *In re Lon-*

*gardner & Assocs.,* 855 F.2d 455 (7th Cir. 1988), *cert. denied* 489 U.S. 1015, 109 S.Ct. 1130, 103 L.Ed.2d 191 (1989); *In re Williams,* 185 B.R. 598 (Bankr.9th Cir. BAP 1995); *In re Robintech,* 69 B.R. 663 (Bankr.N.D.Tex.1987), *rev'd on other grounds,* 863 F.2d 393 (5th Cir.1989), *cert. denied* 493 U.S. 811, 110 S.Ct. 55, 107 L.Ed.2d 24 (1989). In the Sixth Circuit, this presumption can be rebutted by testimony of non-receipt. *Yoder,* 758 F.2d at 1118. In *Yoder,* the creditor presented evidence showing that it was not listed on the court's mailing matrix and that two other similarly situated creditors likewise did not receive notice.

■ In this case, Fairbanks Capital Corporation asserted in both its Motion to Set Aside the February 23, 2001 Order and its Answer and Affirmative Defenses to the Adversary Complaint filed by the debtor that it had not received the Chapter 13 Trustee's motion and this court's order regarding the hearing on the motion. However, no proof was entered into evidence by Fairbanks Capital Corporation that these documents were not received at the Pennsylvania address. In this court's opinion, these assertions standing alone and without more, do not meet the *Yoder* standard required to rebut the presumption of receipt.[3] *See also In re O'Bryan,* 246 B.R. 271 (Bankr.W.D.Ky.1999) (distinguishing facts from *Yoder* in that counsel for the debtor did not present evidence of non-receipt but merely denied receipt, thus not rebutting the presumption of receipt); *In re Bennett,* 135 B.R. 72 (Bankr. S.D.Ohio 1992) (refusing to follow *Yoder* based upon admission by the creditor of receipt of every other document mailed to parties by the court and discounting testi-

---

**3.** On the issue of non-receipt, the court interestingly notes that Fairbanks Capital Corporation did receive all payments from the Chapter 13 Trustee and the Discharge Order dated March 8, 2001 from the Court which were all sent to the address to which the Chapter 13 Trustee mailed the Motion and Order referenced above.

mony of two employees of non-receipt as proving only that the two employees did not receive the notice). Because Fairbanks Capital Corporation has not rebutted the presumption of receipt of the subject motion and Order, the court's focus now shifts to whether the mailing of the notice to Fairbanks Capital Corporation at the address designated in its July 7, 2000 letter was legally sufficient to give notice and to satisfy due process considerations.

The Chapter 13 Trustee's motion falls most closely under the purview of FED. R.BANKR.P. 9014.[4] Rule 9014 regarding "contested matters" provides that parties shall be served in accordance with FED. R.BANKR.P. 7004. FED.R.BANKR.P. 7004(b)(3) states that service of process upon domestic or foreign corporations shall be had

> by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is on authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

■ Fairbanks Capital Corporation has asserted that it was not properly served with process as required by Rule 7004(b)(3) because such process was not served upon an officer or agent at its Utah office in Salt Lake City. However, this is not the only method for service of process upon an agent available under this Rule. A corporation also may be served through "any other agent authorized by appointment." FED.R.BANKR.P. 7004(b)(3). Several courts have determined that the address designated by a creditor on its proof of claim evidences "appointment" and satisfies the requirements of Rule 7004, effectuating service of process. *See In re Ms. Interpret,* 222 B.R. 409 (Bankr.S.D.N.Y. 1998); *Green Tree Fin. Servicing Corp. v. Karbel (In re Karbel),* 220 B.R. 108 (Bankr.10th Cir. BAP 1998); *In re Village Craftsman, Inc.,* 160 B.R. 740 (Bankr. D.N.J.1993). The rationale is that a creditor cannot designate an address to the court for notices and then claim that it was not properly served when parties attempt to serve notices to it at the designated address. *Green Tree Fin. Servicing Corp.,* 220 B.R. at 112. *But see In re Pittman Mech. Contractors, Inc.,* 180 B.R. 453 (Bankr.E.D.Va.1995) (holding that service of process is not effectuated when service attempted at address designated by proof of claim); *In re Schoon,* 153 B.R. 48 (Bankr.N.D.Cal.1993) (same).

The court is persuaded under the circumstances by the rationale of those cases holding that an address designated by a creditor satisfies the "appointment" requirement of Rule 7004(b)(3) and adopts this approach.[5] Based upon the totality of the particular facts and circumstances of this case, the court finds that Fairbanks appointed its Bankruptcy Department as

---

**4.** This type of motion perhaps does not fall squarely within Rule 9014; however, it is closely related to an objection to the allowance of a claim, which is specifically provided for within the realm of Rules 3007 and 9014. See FED R.BANKR P. 9014 and its Advisory Committee Note (1983). The Chapter 13 Trustee has a duty to investigate the financial affairs of the debtor and to supervise the administration of claims, including the allowance and objection to claims received from creditors. See 11 U.S.C. § 1302(b)(1) (refer-

encing the statutory duties found in 11 U.S.C. §§ 704(4), 704(5)).

**5.** Even though these cases dealt primarily with address designation in proofs of claim, in cases such as this one, when the original creditor who filed the proof of claim later assigns the claim, the assignee's designation to the court and the Chapter 13 Trustee would be essentially the same as a designation in a proof of claim. *Compare* FED. R.BANKR.P. 2002(g).

the proper agent and the designated Pennsylvania address as the proper address for service of process in its July 7, 2000 letter to the Chapter 13 Trustee. Accordingly, service of process upon Fairbanks Capital Corporation met both the requirements of due process and FED.R.BANKR.P. 7004. Thus, the February 23, 2001 Order finding that the debtor's mortgage was current is not void as a matter of law, and Rule 60(b)(4) is inapplicable.

■ The court next looks to Rule 60(b)(1) as a basis for setting aside the February 23 Order. Under Rule 60(b)(1), a judgment may be set aside if the court finds "mistake, inadvertence, surprise, or excusable neglect." FED.R.CIV.P. 60(b)(1). The following factors must also be considered:

(1) whether the non-defaulting party will be prejudiced; (2) whether the [defaulting party] has a meritorious defense; and (3) whether the culpable conduct of the defendant led to the default.

*In re Hardy*, 187 B.R. 604, 608 (Bankr. E.D.Tenn.1995), *quoting Smith v. Comm'r*, 926 F.2d 1470, 1479 (6th Cir.1991) (citations and internal quotation marks omitted). The moving party must carry the burden of demonstrating that the default was, in fact, the product of mistake, inadvertence, surprise, or excusable neglect; *i.e.*, demonstrate that the default was not because of its culpable conduct, and only then will the court consider the other two factors. *Id.*, *citing Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir.1992).

■ Fairbanks Capital Corporation sent the July 7, 2000 letter to the Chapter 13 Trustee. It cannot then deny having knowledge in August 2000 that the debtor was involved in a Chapter 13 case. Fairbanks Capital Corporation had an affirmative duty to formally respond to the February 23, 2001 Order or perhaps notify the Chapter 13 Trustee and/or the debtor's attorney, in addition to the debtor herself, of the increases in her mortgage payments.[6] Moreover, Fairbanks Capital Corporation continued to accept the payments from the Chapter 13 Trustee at the smaller amount from August 2000, when it notified by mail the debtor of the increase, through March 2001. During these seven months, Fairbanks Capital Corporation opted not to seek relief from the automatic stay under section 362(d), took no further action to notify the Chapter 13 Trustee or the debtor's attorney of the increase, nor did it again attempt to contact the debtor about the deficiencies. The debtor's chapter 13 discharge was entered on March 8, 2001. In April 2001, when the debtor attempted to make her first post-discharge payment to Fairbanks Capital Corporation, it was returned by Fairbanks Capital Corporation for being in an insufficient amount, and foreclosure proceedings were initiated against the debtor's home.

Based upon these events and particular circumstances, it appears to the court that Fairbanks Capital Corporation arguably "laid in wait" for the discharge order to be entered so that it could then proceed to foreclose upon the property for the arrearage which had knowingly been accruing for over seven months.[7] Under, for example, the contract concepts of course of dealing and fair dealing, Fairbanks Capital Corporation's conduct would not pass muster under these particular facts and circum-

---

6. Even though this action does not specifically involve the Fair Debt Collection Practices Act, the court parenthetically notes that 15 U.S.C. § 1692c(a)(2) prohibits debt collectors from contacting debtors who are represented by counsel.

7. By virtue of 11 U.S.C. § 362(c)(2)(C), the granting of the debtor's discharge statutorily dissolved the automatic stay created under 11 U.S.C. § 362(a) upon the filing of this chapter 13 case.

stances.    Fairbanks Capital Corporation has not demonstrated to the court that its culpable conduct did not to some extent lead to the default, and accordingly, the prior order of this court should not be set aside under Rule 60(b)(1).[8]   Because this factor was not met, the prejudice or meritorious defense factors need not be addressed.   The instant motion of Fairbanks Capital Corporation is denied.   Considering a totality of the particular facts and circumstances, this denial comports with equitable results as well.

Based upon the foregoing,

**IT IS ORDERED** that the instant motion of Fairbanks Capital Corporation is hereby denied.

8.   Although this conclusion may result in an economic windfall to the debtor, so be it under these particular facts and circumstances.   Adverse bankruptcy court orders may be the subject of a motion pursuant to Fed.R.Bankr.P. 9023 seeking a new trial or to alter or modify or a notice of appeal pursuant to Part VIII of the Federal Rules of Bankruptcy Procedure;   however, the intentional or negligent ignoring of such orders carries legal consequences and cannot be countenanced under the facts and circumstances existing here.   Otherwise, such unacceptable conduct in reality becomes the functional equivalent of a successful Rule 9023 motion or appeal without having to undertake further legal action.