**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| In re: ASSET RESOLUTION, LLC, | No. 11-15713 |
| Debtor, | D.C. No. 2:09-bk-32824-RCJ |
| DEBT ACQUISITION COMPANY OF AMERICA V, LLC; et al., | MEMORANDUM[*] |
| Appellants, | |
| v. | |
| WILLIAM A. LEONARD, Jr., Trustee; et al., | |
| Appellees. | |

Appeal from the United States Bankruptcy Court
for the District of Nevada
Robert C. Jones, Chief District Judge, Presiding

Submitted October 10, 2013[**]
San Francisco, California

Before:    WALLACE, M. SMITH, and IKUTA, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Because the parties are familiar with the facts and procedural history of this case, we repeat only those facts necessary to resolve the issues raised on appeal. Debt Acquisition Company of America appeals from an order in a Chapter 7 bankruptcy action,[1] arguing that Paragraph Six of the district court's order violates various provisions of the Bankruptcy Code, as well as the terms of a previously confirmed Chapter 11 plan (the Chapter 11 Plan). We hold that Paragraph Six constitutes an abuse of discretion, and we vacate this portion of the district court's order.

The Bankruptcy Code requires that all Chapter 11 plans "provide the same treatment for each claim or interest of a particular class." 11 U.S.C. § 1123(a)(4). With limited exception, creditors are bound by the provisions of a confirmed plan "whether or not such creditor . . . has accepted the plan." 11 U.S.C. § 1141(a).

Once a Chapter 11 plan is confirmed, "all questions that could have been raised pertaining to the plan are entitled to *res judicata* effect." *Miller v. United States,* 363 F.3d 999, 1004 (9th Cir. 2004) (quoting *Trulis v. Barton*, 107 F.3d 685, 691 (9th Cir. 1995)). Courts read Chapter 11 plans under traditional contract principles, and, absent ambiguity, such agreements should be given their plain

---

[1]In the underlying Chapter 7 action, reference to the Bankruptcy Court was withdrawn pursuant to 28 U.S.C. § 157(d), and all relevant proceedings took place in the District Court, "sitting in bankruptcy."

meaning. *Miller*, 363 F.3d at 1004 (citing *Hillis Motors, Inc. v. Haw. Auto. Dealers Ass'n*, 997 F.2d 581, 588 (9th Cir. 1993)).

Section 1144 of the Bankruptcy code is the only avenue for revoking a confirmed Chapter 11 plan. *In re Orange Tree Assocs.*, 961 F.2d 1445, 1447 n.6 (1992) (citing *In re Longardner & Assocs.,* 855 F.2d 455, 460 (7th Cir. 1988)). Under Section 1144, a party seeking revocation may only move for such relief within 180 days after "the date of the entry of the order of confirmation, and . . . the court may revoke such order if and only if such order was procured by fraud." 11 U.S.C. § 1144. Creditors may not collaterally attack a confirmed plan, even where the plan contains illegal provisions. *Stratosphere Litig. L.L.C. v. Grand Casinos, Inc.*, 298 F.3d 1137, 1143 (9th Cir. 2002) (citations omitted).

The district court abused its discretion by invoking its equitable powers to alter the unambiguous terms of the Chapter 11 Plan, more than three years after its entry. *Committee of Creditors Holding Unsecured Claims v. Koch Oil Co. (In re Powerine Oil Co.),* 59 F.3d 969, 973 (9th Cir.1995). In doing so, the district court further erred by elevating the claims of Class A-5 creditors who did not support the plan above those Class A-5 creditors who voted in the Plan's favor. *See* 11 U.S.C. § 1123(a)(4).

3

For these reasons, Paragraph Six of the district court's order is vacated. We remand this action to the district court for further proceedings consistent with this disposition.

**VACATED AND REMANDED.**