455 So.2d 541 (1984)
BRANFORD STATE BANK, Appellant,
v.
HACKNEY TRACTOR COMPANY, INC., Appellee.
No. AV-314.
District Court of Appeal of Florida, First District.
August 23, 1984.
Rehearing Denied September 18, 1984.
Andrew J. Decker, III, of Airth, Sellers, Lewis & Decker, Live Oak, for appellant.
*542 Charles Vocelle and William J. Haley of Brannon, Brown, Norris, Vocelle, Haley, Brown & Robinson, Lake City, for appellee.
PER CURIAM.
Summary judgment was entered below, holding the appellant bank's suit was barred based on the court's determination that the statute of limitations had begun to run at the time of the alleged conversion of the property which was the subject of appellant's security interest. Thus, judgment was entered for appellee despite appellee's failure to show that appellant was aware of, or should have been aware of, the invasion of its legal rights. This was error. Lund v. Cook, 354 So.2d 940, 942 (Fla. 1st DCA 1978), quoting Creviston v. General Motors Corp., 225 So.2d 331 (Fla. 1969):
From the standpoint of legal principles, the holdings in the cases above discussed appear to crystallize in favor of application of the blameless ignorance doctrine in those instances where the injured plaintiff was unaware or had no reason to know that an invasion of his legal rights has occurred. In reality, such a doctrine is merely a recognition of the fundamental principle that regardless of the underlying nature of the cause of action, the accrual of the same must coincide with the aggrieved party's discovery or duty to discover the act constituting an invasion of his legal rights." (emphasis supplied)
Accordingly, the judgment is reversed and the cause remanded for determination of the statute of limitations' question in accordance herewith and for resolution of any necessary issues of material fact.
BOOTH and WENTWORTH, JJ., concur,
ERVIN, C.J., specially concurs with written opinion.
ERVIN, Chief Judge, specially concurring.
While agreeing with the decision to reverse the lower court's judgment, I write this opinion in an effort to guide the parties upon remand of this cause. An issue not raised on appeal, but obvious from the record and findings of the lower court, concerns the expiration of appellant's financing statement. Specifically, the issue is whether the lapse of appellant's filed financing statement made appellant's rights subordinate to those of appellee.
Section 679.403(2), Florida Statutes (1983), states that the effectiveness of a filed financing statement lapses five years after the date of filing. The lower court found that appellant filed a financing statement, perfecting its security interest in the equipment described in the complaint on September 29, 1976, and that the financing statement expired as of September 29, 1981. Upon its lapse, appellant's security interest became unperfected and under the provisions of section 679.403(2), would be considered unperfected as against appellee, a purchaser[1] of the equipment in March, 1977. Pursuant to section 679.301(1)(c), appellee took priority over appellant if appellee purchased without actual knowledge[2] of appellant's security interest.[3]
*543 Appellee has denied actual knowledge of appellant's security interest at the time it gave value and took delivery of the equipment. In response to interrogatories, appellee claims that its first knowledge of the prior security interest arose on May 14, 1982, despite its asking the borrower about any liens or security interests on the equipment before accepting the equipment on trade-in. It would therefore appear to me that the only genuine issue as yet unresolved is whether appellee had actual knowledge of appellant's interest in the security at the time it obtained the equipment in March, 1977.
NOTES
[1] The borrower traded in the equipment to the appellee toward the purchase of new equipment. The appellee qualified as a "purchaser" under section 671.201(33). Appellee was not a buyer in the ordinary course of business since it did not buy from a person in the business of selling goods of that kind. Section 671.201(9).
[2] Section 679.301, Florida Statutes (1983), states in pertinent part:

(1) Except as otherwise provided in subsection (2), an unperfected security agreement is subordinate to the rights of:
* * * * * *
(c) In the case of goods, ... a person who is not a secured party and who is a ... buyer not in ordinary course of business, ... to the extent that he gives value and receives delivery of the collateral without knowledge of the security interest and before it is perfected; ... . (emphasis added)
A person "has `knowledge' of a fact when he has actual knowledge of it." Section 671.201(25)(c).
[3] Section 679.301(1)(c)'s final requirement is that a purchaser receive delivery of the collateral "before it is perfected." Under the provisions of section 679.403(2), however, appellee can have priority despite taking delivery of the collateral after appellant perfected its security interest. See 1 W. Williams, Florida Law of Secured Transactions in Personal Property § 2.04 (1980); Zaretsky, Lapse of Perfection in Secured Transactions: A Search For a Consistent Approach, 27 B.C.L. Rev. 247, 254 (1981).