**In re D.F.D. INC., t/a New Yorker Deli–Restaurant, Debtor.**

**Bankruptcy No. 82–04150G.**

United States Bankruptcy Court, E.D. Pennsylvania.

Oct. 18, 1984.

---

**394**

Jay G. Ochroch, Leonard P. Goldberger, John C. Halderman, Fox, Rothschild, O'Brien & Frankel, Philadelphia, Pa., for debtor, D.F.D. Inc. t/a New Yorker Deli-Restaurant.

Jerome R. Balka, Balka & Balka, Philadelphia, Pa., for movant, Venice Const. Co.

OPINION

EMIL F. GOLDHABER, Chief Judge:

The issue under consideration is whether, under 11 U.S.C. § 1144 of the Bankruptcy Code ("the Code"), we should grant a creditor's motion to set aside an order confirming a chapter 11 plan where the debtor's counsel failed either to list the creditor in the debtor's schedules or to apprise the court at the confirmation hearing of the pendency of the debtor's motion for assumption of an unexpired lease with said creditor. For the reasons expressed below we will deny the motion.

The facts of this case are as follows:[1] The debtor filed a petition for reorganization under chapter 11 of the Code on September 3, 1982. Several years prior to that time the debtor leased a parcel of realty from the Venice Construction Company, Inc. ("Venice"), which is currently the movant in this action. Approximately six months after the filing of the petition the debtor filed a motion for an order which would allow it to assume the unexpired portion of the lease with Venice. Venice opposed the motion, asserting, *inter alia,* that the debtor was in default under the lease. While the motion was pending a confirmation hearing was held on the debtor's chapter 11 plan of reorganization. No notice of the confirmation hearing was received by Venice since its name was not listed on the court's mailing list, due both to the debtor's failure to schedule Venice as a creditor and Venice's neglect in not filing a proof of claim. Had either occurred, Venice's name and address would have been placed on the mailing list. At the confirmation hearing the debtor failed to apprise us of the pendency of the motion to assume the lease with Venice. In the absence of that knowledge we entered an order confirming the plan. Said plan provided for the assumption of the lease with Venice.

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052 (effective August 1, 1983).

■ On learning of the entry of the confirmation order, Venice moved under 11 U.S.C. § 1144 to set aside that order within 180 days after confirmation. The request was predicated on Venice's allegation that said order of confirmation was obtained through fraud due to the debtor's knowing failure to list Venice as a creditor on its schedules and to inform the court (in light of Venice's absence from the confirmation hearing) that the motion to assume the lease was still pending. At the hearing on Venice's motion, no testimony or other evidence was proffered by either party and we find that Venice failed to carry its burden of proving that the debtor procured the order of confirmation through fraud.

An order confirming a chapter 11 plan may be set aside under § 1144 of the Code which provides as follows:

§ 1144. Revocation of an order of confirmation

On request of a party in interest at any time before 180 days after the date of the entry of the order of confirmation, and after notice and a hearing, the court may revoke such order if such order was procured by *fraud.* An order under this section revoking an order of confirmation shall—

(1) contain such provisions as are necessary to protect any entity acquiring rights in good faith reliance on the order of confirmation; and

(2) revoke the discharge of the debtor.

Section 1144 (emphasis ours). By its terms § 1144 authorizes the court to set aside an order of confirmation only if fraud is proved. Applying this provision to the case before us, the question is whether the debtor obtained the confirmation order through fraud, in view of the unique facts confronting us, either by omitting the listing of Venice in its schedules or by failing to inform the court of the pendency of the motion to assume the lease with Venice. As heretofore stated, we find no fraud in either omission.

Above, we made the factual determination that Venice failed to prove that the debtor procured the confirmation through fraud. This, of course, is fatal to Venice's case. Without producing evidence at the hearing, Venice clearly failed to establish the requisite fraudulent intent needed to prove fraud under § 1144 and we hold it is not entitled to relief under that provision. 9 *Collier on Bankruptcy* § 11.02[3], p. 649 (14th ed. 1978) (stating that § 386 of the Bankruptcy Act of 1898 (former 11 U.S.C. § 786), which is the precursor of § 1144, required "actual fraudulent intent").

Alternatively, we hold that Venice failed to establish its case under § 1144 based on general principles of jurisprudence. In particular, the principles of equity must be called to bear in adjudicating a request to upset a court's final judgment such as the order at issue. *Cf., Smith v. Jackson Tool & Die, Inc.,* 426 F.2d 5, 8 (5th Cir.1970) (equitable principles govern the application of Fed.R.Civ.P. 60 which governs relief from final orders). The equitable principles of special interest here are that "equity aids the vigilant" and that "(e)quity requires that he who would invoke its aid must himself be diligent." *Mikulec v. United States,* 705 F.2d 599, 602 (2d Cir. 1983) (citations omitted); *International Union, Allied Industrial Workers of America, AFL–CIO v. Local Union No. 589,* 693 F.2d 666, 674 (7th Cir.1982).

■ As stated above, in the case before us, Venice alleges that the debtor committed fraud at the confirmation hearing when it failed to inform the court of the pendency of the motion to assume the lease notwithstanding its knowledge that Venice was not present at the hearing. Through the expedient of filing a proof of claim or a request to receive notices, Venice would have been informed of the scheduling of the confirmation hearing and would have had an opportunity to present its objections to confirmation. By failing to file a proof of claim or a request for notices, while cognizant of the pendency of the debtor's chapter 11 proceeding, Venice was derelict. Due to this dereliction equity will not now allow Venice to raise objections the predi-

cate for which it failed to preserve adequately.

We will accordingly enter an order denying Venice's motion to set aside the plan.

---

**1.** This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052 (effective August 1, 1983).