In re NYACK AUTOPARTSTORES HOLDING COMPANY, INC., Auto Parts Stores, Inc., Nyack Auto Parts, Inc., Prem Automotive Warehouse, Inc., Mahwah Auto Parts of New Jersey, Inc., and Haverstraw Auto Parts, Inc., Debtors.

Paul SKULSKY, Plaintiff,

v.

NYACK AUTOPARTSTORES HOLDING COMPANY, INC., et al., Defendants.

Bankruptcy Nos. 86 B 20086, 86 B 20091.
No. 88 ADV. 6004.

United States Bankruptcy Court, S.D. New York.

April 13, 1989.

Sanford P. Rosen, New York City, for debtors/defendants.

Barr and Faerber, Spring Valley, N.Y., for plaintiff.

## DECISION ON MOTION FOR SUMMARY JUDGMENT DISMISSING COMPLAINT

**HOWARD SCHWARTZBERG,** Bankruptcy Judge.

The confirmed Chapter 11 debtors have moved for an order pursuant to Rule 56 of the Federal Rules of Procedure and Rule 7056 of the Bankruptcy Rules for an order granting summary judgment dismissing a complaint in an adversary proceeding which seeks a revocation of the order of confirmation in accordance with 11 U.S.C. § 1144.

The plaintiff, Paul Skulsky, was a former shareholder of the debtor corporations and a creditor holding a disputed claim in excess of $250,000. The shareholders' equity interests in the debtors, including those of the plaintiff, were extinguished under the confirmed Chapter 11 plan.

On March 4, 1986, each of the above captioned debtors filed with this court petitions for relief under Chapter 11 of the Bankruptcy Code. They continued in the operation and management of their businesses as debtors in possession pursuant to 11 U.S.C. §§ 1107 and 1108 of the Bankruptcy Code.

On July 8, 1987, a hearing was held in this court to consider confirmation of the debtors' Third Amended Consolidated Plan of Reorganization (the "plan"). The plaintiff opposed confirmation because the shareholders' interests in the debtors were extinguished. The plan provided for the cancellation of the stock of the shareholders in return for a loan from Bernard Garber, and the issuance of new stock to him. At the confirmation hearing it was revealed that Bernard Garber was the father-in-law of Richard Miller, the principal operating officer of the debtors. The court concluded that the debtors had satisfied the requirements for confirmation delineated under 11 U.S.C. § 1129. An order confirming the plan was entered on July 22, 1987. The plaintiff's appeal of the confirmation order was disposed of pursuant to a stipulation with the debtors, whereby the appeal was dismissed with prejudice.

On January 15, 1988, the plaintiff commenced this adversary proceeding against the debtors seeking an order revoking the confirmation order pursuant to 11 U.S.C. § 1144 on the ground that the confirmation was procured by fraud. The pertinent allegations in the amended complaint in support of revocation of the confirmation order are paragraphs 5 and 6, which read as follows:

> 5. Upon information and belief, the confirmation of the plan was procured through the fraud of the Debtors in that, upon information and belief, a creditor

who was appointed to the Creditors' Committee was, in truth and in fact, an insider who had been prepaid prior to the filing of the petition by the return of merchandise to it. Upon information and belief, one Terry Levine, a member of the Creditors' Committee on behalf of his corporate entity, was a fictitious creditor who exerted undue influence on other parties in interest in order to confirm the plan of reorganization and who, upon information and belief, succeeded to assets of the debtor for less than fair value.

6. Additionally, upon information and belief, the filing of the petition and the proposal of the Chapter 11 plans was an *ultra vires* act of the Debtor Corporations in that there was no resolution by the board of directors of the Debtor Corporations authorizing either the filing of the Chapter 11 petitions or for the proposal of a Chapter 11 plan of reorganization.

The debtors' answer denies the essential allegations of fraud and includes certain affirmative defenses including the defense that the filing of a corporate petition as an *ultra vires* act is a ground for dismissal before confirmation and may not be relied upon to support revocation of the confirmation order pursuant to 11 U.S.C. § 1144.

## DISCUSSION

Neither side has submitted a memorandum of law; each side relies upon affidavits as to alleged facts. However, for the purposes of this motion the court will not decide factual issues. In relying on a motion for summary judgment the court's function is to determine whether a genuine issue as to any material facts exists, not to resolve any factual issues, *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The court must deny summary judgment where there is a genuine issue as to any material fact, *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), and grant summary judgment where there is no such issue and the movant is entitled to judgment as a matter of substantive law. *Hamilton v. Smith,* 773 F.2d 461 (2d Cir.1985). The moving party for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts which entitle him to judgment as a matter of law. *Katz v. Goodyear Tire & Rubber Company,* 737 F.2d 238, 244 (2d Cir.1984); *See* 2 J. Moore, A. Vestal, P. Kurkland, Moore's Federal Practice and Procedure § 17.10 at 17–34 (2d ed. 1987).

The complaint alleges that the Chairman of the creditors' committee was an insider who had been prepaid prior to the filing of the petition by the return of merchandise. The affidavit in support of this allegation asserts that the creditors' committee Chairman, one Terry Levine, is a cousin of the debtors' principal operating officer, Richard Miller, and that he controls Academy Auto–Elmsford, the third largest unsecured creditor of the debtors. It is also alleged that Levine loaned Miller personally $50,000 prior to the filing of the petition, which sum has not been repaid and that Levine's company accepted a return of merchandise from the debtors with full knowledge that the filing was imminent.

The fact that Terry Levine is a cousin of the debtors' principal operating officer, Richard Miller, does not bar Levine from membership on the creditors' committee. An insider is not excluded by 11 U.S.C. § 1102(b)(1) from appointment to the committee if the insider holds one of the seven largest claims against a debtor. *In re Vermont Real Estate Investment Trust,* 20 B.R. 33 (Bankr.D.Vt.1982) (the wife of the debtor's president was eligible for appointment to the creditors' committee). Moreover, the fact that Terry Levine, as Chairman of the creditors' committee, did not reveal that he advanced $50,000 to the debtors' operating officer as a personal loan, or that he accepted a prepetition return of merchandise from the debtors does not reflect the debtors' intent to defraud the court or particularize any fraudulent intent on the part of the debtors.

Thus, the creditor alleges that the debtor's disclosure statements are gross-

ly inaccurate and inconsistent and that they require explanation. The creditor does not, however, offer any evidence of the debtor's intent to defraud the court. Without a specific showing of the requisite fraudulent intent, the bankruptcy court had no authority under section 1144 to revoke its confirmation order. *See In re D.F.D. Inc.*, 43 B.R. 393, 395 (Bankr.E.D.Pa.1984) (where creditor proffered no testimony or other evidence at the hearing to support its allegations, it "failed to carry its burden of proving that the debtor procured the order of confirmation through fraud"); *[In re] Torres*, 15 B.R. at [794] 798 [ (Bankr.E.D.N.Y.1981) ]; *see also In re Graco, Inc.*, 267 F.Supp. 952, 954 (D.Conn.1967) ("Fraud is not to be inferred."); 14 Collier on Bankruptcy ¶ 11–41.03, at 11–41–5 (14th ed. 1978) (*"the circumstances constituting the alleged fraud are to be stated with particularity"*).

(Footnotes omitted) (emphasis added). *In re Longardner & Associates, Inc.*, 855 F.2d 455, 461, 462 (7th Cir.1988) *cert. denied*, —— U.S. ——, 109 S.Ct. 1130, 103 L.Ed.2d 191 (1989).

Similarly, the allegation in the amended complaint charging that the Chairman of the creditors' committee exerted undue influence on other parties in interest in order to confirm the plan of reorganization does not mean that the debtors fraudulently procured the order confirming the consolidated plan. The plan proponents' intent to defraud the court is a specific prerequisite for revoking a confirmation order pursuant to 11 U.S.C. § 1144.

[W]here, as in the present case, the creditor fails to show specific acts involving fraudulent intent, it is not entitled to have a confirmed plan of reorganization revoked under Section 1144.

*In re Longardner & Associates, Inc.*, 855 F.2d at 462.

The amended complaint also alleges that Terry Levine, as chairman of the creditors' committee "exerted undue influence on other parties in interest in order to confirm the plan of reorganization and who, upon information and belief, succeeded to assets of the debtor for less than fair value." There is no allegation that Terry Levine acted on behalf of the debtors or that he advanced interests other than his own. Fraudulent intent on the part of the debtors cannot be inferred from this allegation. Indeed, if fraud must be inferred from the language in the complaint in order to support a claim for revocation, the complaint must be regarded as legally insufficient because it fails to particularize the fraudulent conduct committed by the proponent of the plan. Fraud should not be inferred; the circumstances constituting the alleged fraud must be stated with particularity. *In re Longardner & Associates, Inc.*, 855 F.2d at 462.

The allegation in the amended complaint that Terry Levine succeeded to assets of the debtor for less than fair value apparently signifies that Levine received an undisclosed voidable preference from the prepetition debtor. This fact alone does not mean that the distribution to creditors would be greater or that their ability to make an informed judgment about the plan would have been enhanced. The uncertainties regarding the outcome of preference actions generally do not dictate the possible success or failure of proposed plans.

Similarly, the disclosure of intended preference actions would not have enhanced the ability of creditors to make an informed judgment about the plan in this case because of the uncertainties regarding the outcome of such proceedings; nor was this information material to the possible success or failure of the plan itself.

*In re Jennings, Inc.*, 46 B.R. 167, 172 (Bankr.E.D.Pa.1985).

The general unsecured creditors received a 20 percent distribution under the plan. There is no allegation in the amended complaint that they would have received a greater distribution if the debtors successfully recovered the merchandise allegedly returned to Terry Levine's companies prior to the filing of the Chapter 11 petitions. Nor was there any claim that the consenting creditors would have withheld their af-

firmative votes had they been informed of the alleged merchandise return. Manifestly, the plaintiff was not deceived because he did not vote for the plan and appealed the order of confirmation.

■ The plaintiff also seeks revocation of the order of confirmation on the ground that there was no resolution by the board of directors of the debtor corporations authorizing the filing of the Chapter 11 petitions or for the proposal of a Chapter 11 plan of reorganization. Hence, the plaintiff claims that the filing of the petition and the proposal of the Chapter 11 plan were *ultra vires* acts. The statement of financial affairs annexed to the petition lists the plaintiff and Richard Miller as each owning 50 percent of the debtors' shares. The plaintiff also claims to be a creditor holding a claim for $250,000, as reflected by his proof of claim which he filed with this court. He never moved to dismiss the petition as unauthorized nor did he pursue this issue by way of an appeal from the order of confirmation, which was entered on July 30, 1987. Indeed, he entered into a stipulation which dismissed his appeal with prejudice.

The authority of a corporation to file a bankruptcy petition is left to those in the corporation who have the power of management. *Price v. Gurney*, 324 U.S. 100, 104, 65 S.Ct. 513, 515–16, 89 L.Ed. 776 (1945). State law will govern as to who may exercise the power of management. *In re Stavola/Manson Electric Co., Inc.*, 94 B.R. 21 (Bankr.D.Conn.1988). Under § 701 of the New York Business Corporation Law, subject to other provisions in the corporation's certificate of incorporation, "The business of a corporation shall be managed under the direction of its board of directors ...". As in the case of *In re Stavola/Manson Electric Co., Inc.*, 94 B.R. at 25, the issue is not whether the corporate debtor could file a bankruptcy petition, but the objection was addressed to the filing of the petition by the debtor's principal operating officer on the ground that such filing was an *ultra vires* act. In that case, the corporate petition was dismissed pursuant to a timely motion made

by a 50 percent shareholder before the proceedings had progressed to the point of confirmation.

The plaintiff's position in the instant case is somewhat similar to the facts in *New Haven Radio, Inc. v. Meister (In re Martin–Trigona)*, 760 F.2d 1334 (2d Cir.1985) which involved an objection to a sale of assets pursuant to a confirmed plan of corporate reorganization. There the sole shareholder and principal in a corporation did not timely object to the filing of a bankruptcy petition and participated in the proceedings. He was held to have acquiesced in and ratified the filing. In the instant case, the plaintiff did not object to the filing and participated in the proceedings by filing a proof of claim and by appealing from the order of confirmation. He did not pursue the *ultra vires* objection until after he stipulated to the dismissal of his appeal with prejudice. Obviously, the plaintiff's knowledge of the alleged *ultra vires* filing existed prior to the confirmation of the consolidated plan of reorganization. This subject should have been raised by motion to dismiss the petition or on appeal from the order of confirmation. It is now too late for the plaintiff to assert the claim that the petition and the plan of reorganization were *ultra vires* acts because the plaintiff has acquiesced in and ratified these acts.

An order of confirmation may be revoked within 180 days after its entry "only if such order was procured by fraud", as expressed in 11 U.S.C. § 1144. The plaintiff, who was one of the two shareholders of the debtor corporations, is now estopped from attempting to revoke the order of confirmation on the ground the petition and the plan of reorganization were *ultra vires* acts and a fraud on this court.

### CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(L).

2. There are no genuine disputable issues as to any material facts, which would

preclude the granting of summary judgment in favor of the debtors as a matter of law.

3. The plaintiff's complaint, which seeks to revoke the order of confirmation pursuant to 11 U.S.C. § 1144, does not particularize any fraudulent conduct on the part of the debtors, which would justify the revocation of the order of confirmation entered on July 22, 1988.

4. Even if the filing of the petition for reorganization and the proposed plan of reorganization were deemed to be *ultra vires* acts, and even if such *ultra vires* acts were the products of some unalleged fraudulent conduct on the part of the debtors, the plaintiff's participation in these cases by the filing of a proof of claim and his appeal from the order of confirmation without any previous objection to such acts prior to the confirmation order, constitute an acquiescence and ratification of such acts. Thus, the plaintiff is estopped from asserting that such conduct constituted a fraudulent procurement by the debtors of the order of confirmation.

5. The debtor's motion for an order of summary judgment dismissing the complaint is granted.

SETTLE ORDER on notice.