**In re SPORTS MARKETING, INC., Debtor.**

**Guy GRUBEL, Kenneth Kolman and Richard Mochen, Plaintiffs,**

**v.**

**SPORTS MARKETING, INC., Defendant.**

**Bankruptcy No. 3–88–1389.**
**Adv. No. 3–89–250.**

United States Bankruptcy Court,
D. Minnesota,
Third Division.

Nov. 16, 1989.

Ronald C. Stanko, Anthony R. Distasio, Roland & Schlegel, Reading, Pa., for plaintiffs.

James P. Michels, Patrick Hennessy, Chris C. Fay, Best & Flanagan, Mpls., Minn., for defendant.

ORDER FOR DISMISSAL

DENNIS D. O'BRIEN, Bankruptcy Judge.

This matter is before the Court on motion by the Defendant for dismissal, filed September 20, 1989, and orally argued without a record on October 20, 1989, during a telephonic scheduling conference. Attorneys are as noted on the docket. The Court, having reviewed the pleadings, the written motion, supporting and opposing memoranda, and having received oral argument, being now fully advised in the matter, hereby makes this Order pursuant to the Federal and Local Rules of Bankruptcy Procedure.

## I.

The Plaintiffs' complaint seeks revocation of the Order of Confirmation entered in the main case on March 8, 1989. It is based on allegations regarding the Debtor's treatment of their claims, and based on alleged false representations made by the Debtor in its disclosure statement regarding claims generally.

With respect to treatment of their claims, the Plaintiffs allege a prepetition compromise and settlement with attorneys for the Debtor, who supposedly were to "file the necessary documents to protect the claim". The attorneys filed no such documents, but were replaced by Debtor's present counsel following confirmation who timely filed objections to the claims on the Debtor's behalf. The disclosure statement gave no hint that these claims would be objected to. The objections were eventually withdrawn, however, and the claims were ultimately recognized and allowed as allegedly settled through Debtor's first counsel, preconfirmation.[1] The essence of the Plaintiffs' complaint regarding this episode apparently is that, failure to warn in the disclosure statement of an intention to object to the claim, along with the actual objections themselves, constituted fraudulent procurement of the Order for Confirmation.

With respect to claims in general, the Plaintiffs allege that the Defendant falsely represented in the disclosure statement that it would dispute only one claim, when, in fact, the Debtor eventually disputed numerous claims post-confirmation. The Plaintiffs allege that the preconfirmation representation constituted procurement of the Confirmation Order by fraud.

Plaintiffs request that the Court revoke the Confirmation Order and "require all counsel who have assisted in perpetrating this fraud to disgorge all attorney's fees received". However, no attorneys have been named as Defendants, and apparently none have been served with either the summons or complaint in their individual capacities. The Defendant has moved for dismissal under BANKR.R. 7012 and FED.R. CIV.P. 12(b) on grounds of failure to state a claim upon which relief can be granted and upon failure to join necessary parties.

## II.

The motion should be granted. 11 U.S.C. § 1144 provides:

On request of a party in interest at any time before 180 days after the date of the entry of the order of confirmation, and after notice and a hearing, the court may revoke such order if and only if such order was procured by fraud. An order under this section revoking an order of confirmation shall—

(1) contain such provisions as are necessary to protect any entity acquiring rights in good faith reliance on the order of confirmation; and

(2) revoke the discharge of the debtor.

Pouring gravy on cotton candy does not make it mashed potatoes; food cannot be created simply by applying a large measure of seasoning; allegations cannot be raised to the level of properly pleaded fraud simply by pumping them up with liberal and conclusory use of the term. Although the complaint in this case is replete with the term, Plaintiffs' allegations, regarding treatment of their claims by the Debtor's successive attorneys, contain no indicia of fraud.

---

1. The settlement provided the Plaintiffs with an allowed unsecured cash claim of $300,000.00. Unsecured cash claimants were to receive a payment of 30 percent of the allowed amounts of their unsecured claims on the effective date of the plan. Plaintiffs were, therefore, entitled to receive a total of $90,000.00. Neither Plaintiffs nor any other claimants whose claims were objected to, however, received payments as scheduled. Unfortunately, by the time the objections to the Plaintiffs' claims were withdrawn, there were no funds available to make the payment. That unhappy circumstance is what started and continues to drive this litigation.

Furthermore, a debtor is under no obligation to disclose in a § 1125 statement what, if any, claims will or might be timely objected to.[2] Aside from that, the particular disclosure statement in this case did not represent that there existed only one disputed claim. The Final Amended Disclosure Statement filed on January 26, 1989, recites on page 12: "At present SMI is aware of only one disputed claim."

Finally, regarding the request for an order requiring disgorgement of attorney's fees, the Court has no personal jurisdiction by this lawsuit over persons who are not properly served parties to the litigation; and, consequently, the Court is without authority to order the return of attorney's fees from such individuals in the context of this proceeding, even if circumstances might otherwise warrant such an order.

Based on the foregoing,

IT IS HEREBY ORDERED: The complaint herein is dismissed for failure to state a claim upon which relief can be granted, and upon failure to join necessary parties, all pursuant to BANKR.R. 7012 and FED.R.CIV.P. 12(b) as incorporated therein.

---

**2.** While such disclosure (and actual claims resolution) prior to confirmation hearing can often facilitate both needed acceptance of a plan and the confirmation process, there is no statutory or regulatory requirement, preconfirmation, of disclosure or resolution of disputed claims.