**Regina I. TWIGG, et al., Plaintiffs,**

**v.**

**HOSPITAL DISTRICT OF HARDEE COUNTY, FLORIDA, etc., et al., Defendants.**

**No. 89–1262–CIV–T–17(A).**

United States District Court, M.D. Florida, Tampa Division.

Feb. 21, 1990.

John T. Blakely, Johnson, Blakely, Pope, Bokor, Ruppel & Burns, P.A., Clearwater, Fla., for plaintiffs.

Janet W. Adams, Adams, Hill, Fulford & Reis, Orlando, Fla., for Hospital Dist. of Hardee County, Fla.

Jerry L. Newman and Kelly Jo Schmedt, Shear, Newman, Hahn & Rosenkranz, P.A., Tampa, Fla., for Florida Patient's Compensation Fund.

## ORDER ON MOTIONS

KOVACHEVICH, District Judge.

This cause is before the Court on the following motions and responses: 1) the Hospital District of Hardee County, Florida, d/b/a Hardee Memorial Hospital (the Hospital)'s motion to dismiss, filed October 11, 1989; 2) Plaintiffs' response to the Hospital's motion to dismiss, filed October 25, 1989; 3) Defendant Florida Patient's Compensation Fund (the Fund)'s motion to dismiss and memorandum in support, filed October 26, 1989; 4) the Fund's motion to strike and memorandum in support, filed October 26, 1989; 5) Plaintiffs' reply to the Fund's motion to dismiss; 6) the Hospital's notice of supplemental authority, filed January 4, 1990; and 7) Plaintiffs' notice of supplemental authority, filed January 16, 1990.

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

The complaint in this cause was filed September 15, 1989, and is based on the alleged "baby-switch" of their natural daughter with another female baby in the Hospital sometime between the child's birth on December 2, 1978, and Mrs. Twigg's discharge from the hospital on December 5, 1978. The complaint is based on diversity and 42 U.S.C. § 1983 and contains the following causes of action: 1) negligence *not* arising out of any medical, dental or surgical diagnosis, treatment or care; 2) negligence arising out of medical, dental or surgical diagnosis, treatment or care by a provider of health care; 3) knowing and intentional misrepresentation and negligent

supervision; and 4) violation of 42 U.S.C. § 1983.

## The Hospital's Motion to Dismiss

Initially, Defendant alleges that the Court does not have diversity jurisdiction in regard to Counts I, II, and III because the amount in controversy as to these counts does not exceed $50,000.00. Count IV of the complaint alleges the violation of 42 U.S.C. § 1983, over which this Court has jurisdiction. So even assuming, without deciding the issue, that the amount of controversy does not exceed the $50,000.00 jurisdictional amount as to Counts I, II, and III, the Court could still have jurisdiction over pendant state claims. Therefore, the Court accepts pendant jurisdiction over Counts I, II, and III of the complaint.

Defendants assert that the Court lacks jurisdiction over Counts I, II, and III, additionally, because they are barred by the applicable statute of limitations, § 768.28(12), Florida Statutes. Section 768.28(11), provides:

Every claim against the state or one of its agencies or subdivisions for damages for a negligent or wrongful act or omission pursuant to this section shall be forever barred unless the civil action is commenced by filing a complaint in the court of appropriate jurisdiction within 4 years after such claim accrues; except with respect to any action for contribution, the action must be commenced within the limitations provided in s. 768.31(4).

Defendants assert that the cause of action accrued no later than December 5, 1978, the date of Ms. Twigg discharge from the hospital; thus the statute of limitations ran December 5, 1982.

Plaintiffs agree that the applicable statute of limitations is four (4) years after the claims accrued. However, they contend that their claims accrued in July 1988, when they first learned that Arlena Twigg was not their biological offspring.

In *Carr v. Broward County*, 505 So.2d 568, 570 (Fla. 4th D.C.A.1987) the court addressed the difference between statutes of limitations and statutes of repose:

First, a statute of limitation bars enforcement of an accrued cause of action whereas a statute of repose not only bars an accrued cause of action, but will also prevent the accrual of a cause of action where the final element necessary for its creation occurs beyond the time period established by the statute ...

A second distinction may be made with reference to the event from which time is measured. A statute of limitation runs from the date the cause of action arises; that is, the date on which the final element (ordinarily, damages, but it may also be knowledge or notice) essential to the existence of a cause of action occurs. The period of time established by a statute of repose commences to run from the date of an event specified in the statute ... At the end of the time period the cause of action ceases to exist.

The Court is dealing with a statute of limitations as to § 768.28(11).

■ Generally, a cause of action accrues with the aggrieved party's discovery, or duty to discover, an act constituting the claim he seeks to pursue. This is true even when the underlying rule of limitations does not specifically define the accrual date. *Senfeld v. Bank of Nova Scotia Trust Co.*, 450 So.2d 1157 (Fla. 3d D.C.A. 1984); *Branford State Bank v. Hackney Tractor Co., Inc.*, 455 So.2d 541 (Fla. 1st D.C.A. 1984). The question of date of discovery, or duty to discover, is a factual one not amenable to resolution on motion to dismiss. The court cannot find, at this time, that the claims of Counts I, II, and III are barred by the operation of § 768.28(11).

■ Next Defendants assert that, if the case is not barred by the statute of limitations, the cause should be dismissed based on the doctrines of laches, estoppel and waiver, in that Plaintiffs delayed in asserting their rights after obtaining knowledge of the claim. As Plaintiffs point out, the motion contains facts not raised by the pleadings, consideration of which the Court is denied on a motion to dismiss. Finding that the doctrines of laches, estoppel and waiver are affirmative defenses to be raised and proven by a defendant, the

Court finds no merit to the motion to dismiss. *Mercede v. The Mercede Park Italian Restaurant, Inc.*, 392 So.2d 997 (Fla. 4th D.C.A. 1981); *Van Meter v. Kelsey*, 91 So.2d 327 (Fla.1956).

Defendants contend that the action is barred by the failure to plead timely compliance with the condition precedent to instituting the litigation pursuant to § 768.28(6). This count is based once again on Defendants' assertion that the cause of action accrued at the time Ms. Twigg left the hospital in 1978. The Court has previously determined that this is a factual question yet to be determined. This portion of the motion to dismiss will be denied.

■ The complaint asserts claim for negligent infliction of emotional distress. Defendants allege that the complaint fails to allege Plaintiffs suffered any actual physical injuries or trauma, which they assert are required in Florida to maintain such a claim. Plaintiffs state in their response that they are not seeking compensation for psychic trauma alone, but as damages appended to other claims. The Court finds this determinative. The motion to dismiss will be granted only insofar as Plaintiffs may be attempting to file a separate cause of action for psychic trauma alone; the claims for damages for other causes of action remain.

Defendants assert that Plaintiffs may not allege a cause of action that does *not* arise from the medical, dental, or surgical care and treatment by a health care provider (Count I). The Court cannot say at this juncture in the proceedings that there are no set of facts which could be proven to show that the acts alleged were not medical malpractice, outside the diagnosis, treatment or care definition, and not covered by the malpractice statutes.

■ Count III alleges negligent supervision or employment of employees. Defendants states that it may not, as a governmental entity, be held vicariously liable for any act of its agents, servants, or employees who act with malice or wanton disregard. The complaint does not allege malicious action or wanton disregard; it does allege intentional negligence. The Court disagrees that Count III should be dismissed. See *Richardson v. City of Pompano Beach*, 511 So.2d 1121 (Fla. 4th D.C.A. 1987).

■ Section 768.28(5), Florida Statutes, provides that the state and its agencies and subdivisions shall be liable for tort claims but liability "shall not include punitive damages or interest for the period before judgment." The claims for punitive damages should be dismissed against the Hospital. Plaintiffs also concede that pre-judgment interest may not be recovered, except as to financial expenses incurred in raising and caring for Arlena Twigg, and that attorney's fees may not be recovered, except as authorized by 42 U.S.C. § 1988.

■ The penultimate argument of the motion to dismiss is that Count IV (violation of § 1983) of the complaint fails to state a cause action. Defendants assert that there is no constitutionally protected right to raise one's own offspring and therefore there can be no claim that Defendants acting under color of law deprived them of a constitutionally protected right. The Court finds the opposition of Plaintiffs well-taken and further finds Count IV of the complaint should not be dismissed.

The final issue raised by the Hospital is that the complaint fails to state a cause of action as to the "not yet identified employees of the Hospital District of Hardee County." The Court finds no merit in this contention.

*The Fund's Motions to Dismiss and to Strike*

The Fund's motion to dismiss raises, in the most part, the same issues and arguments raised by the Hospital's motion to dismiss. Having already addressed these issues, the Court will not rehash its previous discussion as to the issues raised in paragraphs 1, 2, 3, 4, 5, 7, 8, and 9, but reaffirms the preceding discussions relevant to those paragraphs.

■ The Fund contends that it is not liable for the acts of "baby-switching" because they do not arise out of the rendering of or failure to render "medical care or

services." § 768.54(3)(a), Florida Statutes. The Court upon review of the motion and response finds that the question of whether or not the complained of acts are "medical care or services" within the statute is factual in nature and not to be determined by means of the motion to dismiss.

The Fund's motion to strike relates to the claims for punitive damages, interest and attorney's fees. These claims were addressed previously and the same ruling apply. Accordingly, it is

ORDERED that the motion to dismiss of the Hospital District of Hardee County, Florida, d/b/a Hardee Memorial Hospital and the motions to dismiss and strike of the Florida Patient's Compensation Fund be denied in part and granted in part, as articulated by the preceding order.

DONE and ORDERED.