In re SERVICO, INC., et al., Debtors.

**Fernando CHANG, Plaintiff,**

v.

**SERVICO, INC., et al., Defendants.**

**Bankruptcy No. 90–36655–BKC–AJC.
Adv. No. 92–0687–BKC–AJC–A.**

United States Bankruptcy Court,
S.D. Florida.

July 29, 1992.

**558**

Harold D. Moorefield, Stearns, Weaver, Miller, Weissler, Alhadeff & Sitterson, P.A., Miami, Fla., for debtor.

Alan R. Gordon, Saul, Ewing, Remick & Saul, Philadelphia, Pa., Patricia A. Redmond, Miami, Fla., for Official Unsecured Cred. Comm.

L. Louis Mrachek, Gunster, Yoakley & Stewart, P.A., West Palm Beach, Fla., for plaintiff Chang.

Gordon Robinson, Chief, Office of Reorganizations, S.E.C., Atlanta, Ga.

## MEMORANDUM OPINION

A. JAY CRISTOL, Bankruptcy Judge.

This matter is before the Court on Servico, Inc.'s ("Servico"), on its own and on behalf of its subsidiary debtors and debtors-in-possession (collectively the "Servico Debtors"), Motion to Dismiss Fernando Chang's ("Chang") Verified Complaint to Revoke Order Confirming Chapter 11 Plan (the "Motion"). Having considered Chang's Complaint, the Servico Debtors' Motion and for the reasons set forth below, this Court has determined that the Motion should be denied.

On May 7, 1992, this Court entered an Order Confirming the Servico Debtors' Consolidated Third Restated Amended Plan of Reorganization (the "Plan"). On July 13, 1992, well within the 180 days allocated by 11 U.S.C. § 1144, Chang filed a four-count complaint seeking to revoke the order confirming the Chapter 11 Plan. Chang alleges: in Count I that the order of confirmation should be revoked because of a fraudulent understatement of the liquidation value of the Servico Debtors, in the Disclosure Statement; in Count II that the order of confirmation should be revoked because of the Servico Debtors' failure to propose a plan in good faith; in Count III that the order of confirmation should be revoked because the Servico Debtors engaged in fraud on the bankruptcy court and the creditors by failing to disclose that there was a dispute between Servico's purported officers and directors and Chang as to the authority to operate Servico's business; and finally in Count IV that the order of confirmation should be revoked because the Servico Debtors committed fraud on the bankruptcy court and the creditors by their settlement of a dispute with Bisby Corporation ("Bisby") whereby Bisby will receive stock valued at $1.4 million for a claim valued in the Disclosure Statement at no more than $315,000.

The Servico Debtors' assert that the Complaint should be dismissed due to Chang's failure to allege the elements of fraud with particularity and to allege actual fraud. The Servico Debtors further assert that all counts should be dismissed due to Chang's waiver of his right to object to the actions of which he complains and that Chang should be estopped from pursuing his Complaint.

Bankruptcy Code Section 1144 provides that:

On request of a party in interest at any time before 180 days after the date of the entry of order of confirmation, and after notice and hearing, the court may revoke such order if and only if such an order was procured by fraud.

11 U.S.C. § 1144. Therefore, to sustain a complaint to revoke an order of confirmation, it is necessary that the complaining party allege that the order was procured by fraud. Federal Rule of Civil Procedure 9(b) as promulgated by Bankruptcy Rule 7009 states that:

In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

Fed.R.Civ.P. 9(b). When considering a motion to dismiss on the ground for failure to state a cause of action, the court may only consider matters on the face of the complaint. *Marine Coatings of Alabama, Inc. v. United States,* 792 F.2d 1565 (11th Cir. 1986). Further, the facts of the complaint must be accepted as true and the allegations should be construed favorably to the pleader. *Franklin v. Gwinnet County Public Schools,* 911 F.2d 617 (11th Cir. 1990); *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Development Corp.,* 711 F.2d 989 (11th Cir. 1983). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.... The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

■ A pleading satisfies the particularity requirement if the "person charged with fraud will have a reasonable opportunity to answer the complaint and adequate information to frame a response," *Zuckerman v. Franz,* 573 F.Supp. 351 (S.D.Fla.1983),

"or if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." *Deutsch v. Flannery,* 823 F.2d 1361, 1365 (9th Cir.1987), *quoting, Gottreich v. San Francisco Investment Corp.,* 552 F.2d 866 (9th Cir.1977).

■ In all four counts of the complaint, the Servico Debtors assert that Chang has either waived his right to object to any of the actions taken by Servico, or is now estopped from asserting any objection to those rights by his previous inaction. Estoppel and waiver are affirmative defenses to be pleaded and proven by a defendant. They are not issues that should be considered in ruling on a motion to dismiss. *See, Twigg v. Hospital District of Hardee County,* 731 F.Supp. 469 (M.D.Fla.1990). Further, these are factual issues which cannot be raised in a motion to dismiss. *See, Bank of America Nat'l Trust & Savings Ass'n v. Touche Ross & Co.,* 782 F.2d 966 (11th Cir.1986).

The Servico Debtors cite to numerous cases which purportedly stand for the proposition that a creditor may be estopped from attempting to revoke an order of confirmation. *In re D.F.D., Inc.,* 43 B.R. 393 (Bankr.E.D.Pa.1984); *In re Nyack Autoparts Stores Holding Company, Inc.,* 98 B.R. 659 (Bankr.S.D.N.Y.1989); *In re Hertz,* 38 B.R. 215 (Bankr.S.D.N.Y.1984). None of these cases, however, are cases where estoppel is raised in a motion to dismiss.

■ By filing their Motion, the Servico Debtors raise the issue of whether the Complaint gives them a reasonable opportunity to answer and adequate information to frame a response. Chang alleges in Count I that the Servico Debtors in the Disclosure Statement grossly and fraudulently understated the liquidation value of the Servico Debtors' assets. Chang alleges that the appraisals used by the Servico Debtors to determine liquidation value did not take into consideration substantial improvements in the net operating income of the hotels. Chang alleges that this improvement in the operating income was known by Servico's officers and directors

**560**

and was not revealed to the creditors in the Disclosure Statement. Chang alleges that this additional net operating income would increase the liquidation value of Servico by 414%.

This Count gives the Servico Debtors a reasonable opportunity to answer the Complaint and enough information to frame a response. In fact, in the Servico Debtors' Motion they answer Chang's allegations and assert that Chang had every opportunity to challenge the liquidation analysis provided in the Disclosure Statement. The Servico Debtors in their Motion further assert that accountants for the Servico Debtors reviewed and approved the liquidation analysis prior to its inclusion in the Disclosure Statement. Therefore, the Servico Debtors have responded fully to the very allegations they say do not provide adequate information to frame a response.

■ Chang alleges in Count II that the Plan did not meet the requirements of good faith as required by 11 U.S.C. § 1129. Chang alleges that the filing of the Chapter 11 plan was done for no reason other than to defeat the rights of Chang. In paragraphs 14 through 38 of the Complaint Chang alleges that there were numerous financial arrangements involving Chang and his affiliated entities, Servico, and Prime Motors and its affiliated entities. These arrangements were eventually settled and satisfied on December 31, 1990, in accordance with the Guaranty and Repayment Agreement previously entered into by the parties, and again on June 25, 1991, when Servico and Prime Motors entered into a settlement agreement approved by this Court. Chang alleges that at these two time periods, all Chang's stock in FCD/Chang as a matter of law was returned to him, giving him a controlling interest in Hospitality, the 100% shareholder of Servico. Chang alleges that Servico's filing of the bankruptcy and the Plan, without notifying the court or the creditors of these circumstances, was done for the sole purpose of defeating Chang's lawful right to own and control Servico.

In its Motion, the Servico Debtors, again, have answered this Count. The Servico Debtors' assert that Chang's equity interest in FCD/Chang and FCD/Hospitality is treated in Class 94 of the Plan which provides that $10,000 will be paid in full satisfaction of that equity interest. Therefore, this Count, too, provided reasonable opportunity to answer the Complaint and adequate information to frame a response.

■ Count III is based on the same facts as Count II. Chang alleges that the Servico Debtors' failure to notify the court or the creditors through the Disclosure Statement of the dispute between Chang and the officers and directors of Servico as to the authority to operate Servico's business materially affected the ballots submitted by the creditors. Chang alleges that the failure to inform the creditors of such dispute was fraud. As with Counts I and II, the Servico Debtors' Motion to dismiss Count III answers the Complaint by asserting that Chang was well aware of the settlement agreement between Servico and Prime Motors and did not file any objection to it. The settlement agreement was then approved by this Court and is now final. The Servico Debtors claim that Chang was well aware, at the time of the settlement agreement, that his voting rights had been transferred from Prime to Servico, and was aware of the exercise of these voting rights by Servico as early as October 29, 1991. Again, by substantively addressing the issues raised in this Count, the Servico Debtors demonstrate that the Complaint provides adequate information to frame a response.

■ Chang alleges in Count IV that the settlement agreement agreed to between Bisby and Servico was done fraudulently and to the detriment of unsecured creditors. Chang alleges that Servico had valued Bisby's claim at approximately $300,-000 in the Disclosure Statement, but then, after the Plan was confirmed by the affirmative ballots submitted by unsecured creditors, who relied on the Disclosure Statement, Bisby and Servico reached an agreement whereby Bisby would receive 350,000 of the 7,000,000 shares of stock in Servico, giving Bisby assets worth an estimated $1,400,000 for the claim valued at

approximately $300,000 in the Disclosure Statement. This count also gives the Servico Debtors a reasonable opportunity to answer the Complaint and adequate information to frame a response. In fact, the Servico Debtors' attack on Count IV does not at all attack the allegations of the Complaint, but merely answers the Complaint by explaining that based upon information received after the Disclosure Statement, Servico was able to negotiate only a $2.6 million reduction in Bisby's claims. By the Servico Debtors' response they admit that the Complaint does provide adequate information for them to frame a response.

The Servico Debtors cite to *In re Sports Marketing, Inc.*, 116 B.R. 685 (Bankr. D.Minn.1989), for the proposition that "there is no statutory regulatory requirement, preconfirmation, of disclosure or resolution of disputed claims." This authority has no applicability to the allegations of Chang's Complaint. Chang does not allege that the Disclosure Statement fails to disclose disputed claims, but that it misrepresents that the claim of Bisby was worth far less than what it was. Further, this too raises a question of fact that cannot be resolved in a motion to dismiss.

 The Servico Debtors contend, as to all counts, that Chang did not plead properly that there was actual fraudulent intent on the part of the Servico Debtors. The cases on which the Servico Debtors rely all address the question of whether fraudulent intent must be proven. There can be no dispute that to prevail at trial Chang will have to prove that Servico intended to commit the acts that constituted fraud on the creditors and/or the Court. However, a motion to dismiss a fraud complaint for failure to plead "fraudulent intent" cannot be granted. Federal Rule of Civil Procedure 9(b) requires only that intent be averred generally. The language of the Complaint generally avers that the Servico Debtors intended to commit fraud. This is sufficient. There is no requirement that a plaintiff plead that the defendant committed fraud with "a fraudulent intent." Such

intention can be inferred from the simple allegation that fraud was done.

In summary, the only facially correct basis asserted by the Servico Debtors for dismissal of the Complaint is their assertion that Chang failed to allege fraud with particularity. However, the law is that particular allegations of fraud only need to give the defendant reasonable opportunity to answer the complaint and adequate information to frame a response. The Complaint does sufficiently give reasonable opportunity for the Servico Debtors to answer the Complaint and does give adequate information for them to frame a response. In fact, they have done so. Accordingly, the Servico Debtors' Motion should and will be denied.

DONE and ORDERED.