**In re: BURKEY LUMBER COMPANY OF GRAND JUNCTION, COLORADO, Tax I.D. No. 84–0460419 Debtor.**

**In re: BURKEY LUMBER COMPANY OF RIFLE, COLORADO, Tax I.D. No. 84–0395176 Debtor.**

**In re: BURKEY LUMBER COMPANY OF MONTROSE, COLORADO, Tax I.D. No. 84–0399058 Debtor.**

**Bankruptcy Nos. 91–12551–SBB, 91–12552–DEC and 91–12553–CEM.**

United States Bankruptcy Court, D. Colorado.

Jan. 6, 1993.

---

Susan R. Lundberg, Nelson, Hoskin & Farina, Grand Junction, CO, for Richard W. and Betty Burkey.

Mary Scherschel Brady, Gibson, Dunn & Crutcher, Denver, CO, for Jim Verdieck, Liquidating Agent.

### MEMORANDUM OPINION AND ORDER

SIDNEY B. BROOKS, Bankruptcy Judge.

THIS MATTER comes before the Court upon Richard W. Burkey and Betty Burkey's (the "Claimants" or "Creditors") Motion for Summary Judgment and Brief in Support filed November 18, 1992 and the Response in Opposition thereto filed by Jim Verdieck the liquidating agent under the Debtors' confirmed plan of reorganization (the "Debtors' Liquidating Agent") on December 3, 1992. The Court, having reviewed the file, Creditors' Motion for Summary Judgment, and the Debtors' Liquidating Agent's Response, and affidavits and memorandum briefs in support of each party's position, is fully advised in the premises.

The issue before the Court is, essentially, can a debtor-in-possession expressly represent that a creditor's claim is not disputed and, after confirmation of the debtor's plan, object to that creditor's claim as to amount and/or classification? This appears to be an issue of first impression in this District. The Court concludes that, under the circumstances of this case, where an express representation was made by the Debtors in their joint Disclosure Statement that a specific creditor's claim

was not disputed, then the doctrine of equitable estoppel may bar the Debtors and Debtors' Liquidating Agent from objecting to that claim after confirmation.

## FINDINGS OF FACT

1. Debtors filed a Voluntary Petition pursuant to Chapter 11 of the Bankruptcy Code on March 1, 1991.

2. On April 13, 1992, Debtors filed a First Amended Disclosure Statement Regarding Debtors' First Amended Plan of Liquidation (the "Disclosure Statement"). This Court entered an order approving the Disclosure Statement on May 15, 1992.

3. The Disclosure Statement provides for the claim of Richard W. Burkey and Betty Burkey (the "Burkey Claim") to be treated as a Class 3 claim under the liquidating plan.

Creditors holding unsecured Claims that are not successfully disputed by Debtor shall be referred to as 'Class 3 Allowed Unsecured Claims'.... Debtor estimates Class 3 Allowed Unsecured Claims will be approximately $521,638.28.... The Plan provides that the holders of Class 3 Allowed Unsecured Claims shall receive a Pro Rata distribution of the Liquidation Proceeds.... Debtor estimates that the Liquidation Proceeds available for distribution to Class 3 creditors shall total approximately $300,000.00 (provided all claims disputes are resolved in Debtor's favor).

Disclosure Statement, p. 12 at 4.5.3.

4. The exhibit referenced by Section 4.5.3 of the Disclosure Statement expressly references the Burkey Claim as follows:

| Amount of Claim as Filed | Amount Disputed | General Unsecured Amount |
| --- | --- | --- |
| | *** | |
| $42,442.00 | $0.00 | $42,442.00 |
| | *** | |

Exhibit E, p. 1.

---

5. Claimants, the Burkeys, contend that, based upon these representations in the Disclosure Statement, they did not object to the confirmation of the liquidating plan and, instead, voted in favor of the liquidating plan.

6. On July 9, 1992, this Court entered an Order confirming the liquidating plan.

7. After confirmation, the Debtors' Liquidating Agent filed an objection to the Burkey Claim on September 30, 1992 asserting that the Burkey Claim is a shareholder claim rather than an undisputed general unsecured creditor claim.

8. By way of the instant motion, Claimants assert that the Debtors' Liquidating Agent is precluded from now objecting to the Burkey Claim based, generally, on principles of (a) equitable estoppel and (b) judicial estoppel.

## DISCUSSION

■ Summary judgment is a drastic remedy and may be granted only where there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Carey v. U.S. Postal Service*, 812 F.2d 621 (10th Cir.1987), *In re American Cable Publications, Inc.,* 62

B.R. 536 (D.Colo.1986). The burden is on the movant to show the absence of a genuine issue of material fact. The party opposing summary judgment cannot rest on allegations in the pleadings to rebut the movant's factual proof but must respond with specific facts demonstrating genuine issues requiring resolution by a finder of fact. *American Cable, supra.* This Court finds that resolution of the instant issue by summary judgment is appropriate.

As a preliminary matter the doctrine of judicial estoppel is, generally, not favored in this Circuit and, therefore, it should not form the basis for judgment in favor of the Claimants in this particular circumstance. *See, e.g., Chrysler Credit Corp. v. Country Chrysler, Inc.,* 928 F.2d 1509, 1520 n. 10 (10th Cir.1991). *But see, In re Kessel,* 108 B.R. 281 (Bankr.D.Colo.1989).

Equitable estoppel is, however, a well-recognized principle in this District. *See, In re Durham,* 935 F.2d 1160 (10th Cir. 1991).

■ Equitable estoppel requires proof of the following elements:

(1) [T]he party to be estopped must know facts; (2) the party to be estopped must intend that his conduct shall be acted upon or must so act that the party asserting estoppel has the right to believe it is so intended; (3) the party asserting estoppel must be ignorant of the true facts; and (4) the party seeking estoppel reasonably and detrimentally relied on the conduct of the party to be estopped. *In re Grynberg,* 142 B.R. 415, 420 (D.Colo.1991).

The Debtors' Liquidating Agent does not dispute that he and/or the Debtors anticipated objecting to the Burkey Claim post-confirmation. This "anticipated objection" was not disclosed. Moreover, there appears to be no dispute that the Claimants were not advised and were unaware of the anticipated, or prospective, objection to their claim.

The only disputes here involve (a) whether disclosure of the possible claims objections was required pre-confirmation and (b) whether the Claimants reasonably relied, to their detriment, upon representations in the Disclosure Statement. Debtors and the Debtors' Liquidating Agent maintain that (a) there is no requirement for disclosure of claims objections pre-confirmation and (b) the Claimants did not reasonably rely on the Debtors' disclosures regarding their claim, to their detriment.

■ Although a debtor is "under no obligation to disclose in a [disclosure] statement what, if any, claims will or might be timely objected to," once affirmative statements are made that there is no dispute as to the amount and validity of a particular claim and that the named claimant shall be treated in a certain way under the proposed plan, the claimant has a right to believe that he can rely upon such affirmative statements. *In re Sports Marketing, Inc.,* 116 B.R. 685, 687 (Bankr.D.Minn.1989). *See, In re Servico, Inc.,* 144 B.R. 557, 561 (Bankr.S.D.Fla.1992) (distinguishing *Sports Marketing* in a case involving misrepresentations rather than mere nondisclosure); *In re Galerie Des Monnaies of Geneva, Ltd.,* 55 B.R. 253, 260 (Bankr.S.D.N.Y.1985), *aff'd,* 62 B.R. 224 (S.D.N.Y.1986) (failure to amend a disclosure statement upon discovery of a claim or cause of action prevents subsequent pursuit thereof). If a debtor, pre-confirmation, voluntarily expressly and specifically recognizes a claim as undisputed, the creditor may rely on that representation.

■ The Debtors' Liquidating Agent further maintains that the Claimants neither reasonably, nor detrimentally, relied on the relevant disclosures in the Disclosure Statement or exhibits to the Statement. As to the reasonableness of the Claimants' reliance, this Court finds that the specific identification of and references to the Burkey Claim, as undisputed and subject to treatment as a Class 3 Allowed Unsecured Claim, outweighed any general comments to the contrary elsewhere in the Disclosure Statement.[1] The Claimants' reliance was

---

1. The plan allows the Debtors' Liquidating Agent to object to the allowance of any *disputed* claim (see ¶ 4.3) and retains jurisdiction in the

reasonable. A creditor is entitled to rely on express, explicit, and specific representations of a debtor in its disclosure statement as to that particular creditor's claim.

As to the Debtors' argument that the Claimants experienced no detriment from their reliance because "[e]ven if [the Claimants] had voted against the Plan, the Plan would have been confirmed," this Court disagrees. Response, p. 10. The unopposed and unqualified affidavit of Richard W. Burkey makes it clear that the Claimants would not only have voted against confirmation of the plan but would have raised objections, perhaps meritorious objections, thereto. *See,* Affidavit of Richard W. Burkey, ¶ 7.[2]

This Court finds that all of the elements necessary to invoke equitable estoppel have been satisfied in this case. Summary judgment is proper.

Accordingly, it is

ORDERED that Richard W. Burkey and Betty Burkey's Motion for Summary Judgment is GRANTED; and it is

FURTHER ORDERED that Debtors' Liquidating Agent's Objection to Claim of Richard W. Burkey and Betty Burkey Claim Number One Hundred Three is DENIED; and it is

FURTHER ORDERED that the claim of Richard W. Burkey and Betty Burkey, filed as Claim No. 103, is hereby allowed in the amount of $42,422.00.

---

Bankruptcy Court to determine objections to the allowance of claims (see ¶ 7.1.1).

2. "We had objections and concerns regarding Debtors' Plan. We were especially concerned in light of provision 5.1 'Releases' ... concerning the authority given to the liquidating agent ... and the provision 3.12 'Consulting and Non–Compete Provisions Executed by L. Brooke Burkey' contained in Debtors' Disclosure Statement. We discussed and considered filing an objection to Debtors' Plan. However, based on the representations made in Debtors' Disclosure Statement regarding our claim ... we decided not to object to the Plan."